B. H. BOWLER v. COUNTY OF RENVILLE.[1]

June 26, 1908.

Nos. 15,738—(88).

**County Ditch—Authority of County Surveyor.**

Under the provisions of the drainage act (chapter 97, Laws 1887), the authority of the county surveyor is limited to inspecting the work of the contractor, when completed, and, if he finds the same in accordance with the specifications of the viewers, to accept it and give the contractor a certificate of acceptance to that effect. He has no authority to authorize the contractor to incur extra expenses which are not embraced within the original specifications.

**Same—Authority of County Commissioners.**

The expense of constructing a ditch under this drainage act must be assessed against the property to be benefited, and the county commissioners have no authority to incur any liability on behalf of the county for material and services.

**Same—Acceptance by County Commissioners.**

Although the commissioners accept a ditch as complete, knowing that the contractor, by direction of the county surveyor, has expended money for services and materials not embraced within the specifications, such acceptance does not ratify the same and make the county liable therefor.

Action in the district court for Hennepin county to recover $332.-83, the unpaid balance of the agreed price alleged to be due for the construction of a ditch, and for additional work and labor performed thereon. From a judgment entered upon the pleadings pursuant to an order of Brooks, J., in favor of defendant for $117.27, plaintiff appealed. Affirmed.

*Waldron M. Jerome* and *Parsons & Bowler,* for appellant.

*Frank Murray,* County Attorney, and *John M. Freeman,* for respondent.

LEWIS, J.

In 1898 appellant was contractor for the construction of certain ditches in Renville county, inaugurated under the provisions of chapter 97, p. 148, Laws 1887. A controversy having arisen between

[1] Reported in 116 N. W. 1028.

appellant and the authorities as to the amount due under the contract, appellant sued out a writ of mandamus requiring the county auditor to show cause why he should not issue a certificate for the amount claimed by the appellant to be due under his contract, viz., $3,461.18, and it was stipulated by and between the parties in the action that the issues involved therein might be litigated and tried, and a verdict returned upon the merits. The cause was accordingly tried before a jury, and a verdict returned for $3,161.43, which was duly paid. The first cause of action in the case before us is to recover the difference between what respondent claimed and the amount of the verdict, viz., $299.75. This cause of action is barred by the verdict in the former suit.

For a second cause of action, appellant claims and alleges that he was the contractor for the construction of one of the lateral ditches, connected with the one described in the first cause of action; that it consisted of one hundred thirty eight sections of one hundred feet each, and, as surveyed, it crossed the right of way of the Chicago, Milwaukee & St. Paul Railway Company; that no legal service was ever made on that company in the ditch proceedings, and that previous to July, 1900, when appellant undertook to construct the ditch through the right of way, he was forbidden so to do by the railway company upon the ground that the county had never acquired authority; that the company consented that the ditch might be constructed, if it be done in accordance with plans and specifications submitted by the company; that such plans and specifications called for the removal of more dirt than called for by the viewers' report, and also called for the use of seven tons of steel; that the then duly elected and qualified county surveyor of Renville county thereupon instructed appellant to proceed with the construction of the ditch according to the plans and specifications of the railway company, which appellant did, and incurred an additional expense of $132.83. Appellant alleges that, had not this extra work been done, the ditch would have been worthless, for the reason that a sufficient grade would not have been established to carry off the water; that appellant filed with the county auditor his verified account of the labor and material so furnished; that the county surveyor accepted the work as performed by appellant, but the board of county commis-

sioners rejected and refused to pay for the same; that the board formally accepted the lateral ditch as constructed by appellant, and turned it over to the town board of the town in which it was located, with the full knowledge on the part of the board that the extra services had been performed.

The answer states that no changes were ever made in the contract and specifications with respect to the lateral ditch, and alleges that appellant constructed the same in accordance with the original specifications and contract; admits that appellant filed a verified statement for $132.83, as claimed, but alleges that the same was rejected and disallowed by the board of county commissioners, and that no appeal was ever taken from such disallowance, and no proceedings were ever instituted by appellant to recover the same. The answer further alleges that June 18, 1900, an assessment of the benefits accruing to the landowners was duly made and filed in the office of the register of deeds of the county.

The question involved with reference to the second cause of action is whether the county surveyor had any authority to enter into the contract set up in the complaint, and to authorize appellant to incur the extra expense of meeting the demands of the railway company and make the same a charge against the county. The authority of the commissioners and of the county surveyor is limited by the provisions of the drainage act. The whole theory of the drainage law is that the expense incurred in constructing ditches shall be paid by those whose lands are benefited thereby. Such an enterprise cannot be carried out unless the benefits exceed the damages and provisions are made for the assessment of lands to meet the expense. The duties of the county commissioners and of the surveyor are clearly defined. In the first place, the commissioners are required to take from the petitioners a bond for the preliminary expense of initiating the enterprise, if it shall finally fail to be established. The viewers are required to employ a civil engineer, who shall make an accurate survey of the line of the ditch and computations of the amount of earth to be excavated, and estimate the cost thereof. Section 16 provides that:

"It shall be the duty of the county surveyor, on being notified by any contractor that his job is completed, to inspect the same, and

if he finds it completed according to the specifications of the viewers, he shall accept it and give to the contractor a certificate of acceptance, stating that said section or sections (by number) are completed according to the specifications of said ditch, as set forth in the report of the viewers, and upon the presentation and surrender of said certificate of acceptance by said contractor to the auditor, the said auditor shall draw a warrant on the county treasurer of his county for the full amount found to be due on said contract."

The county surveyor had no authority, express or implied, except to inspect the work and see that it had been constructed in accordance with the specifications of the viewers. Appellant was charged with notice of the law, and cannot recover if he proceeded under the directions of one who had no authority.

As to the other question, the mere fact that the ditch would not have been adequate for the purposes required, had not the extra work and material been furnished, and that the county commissioners finally accepted the work with knowledge of the fact that such expense had been incurred, is not sufficient to charge the county with the expense. The public officers are the medium through which the improvement is enforced, but they have no power to incur a liability for the county except as expressly provided. The drainage act contains no provision for incurring any expense on the part of the county with respect to any services of this character. It was the duty of the viewers, and the civil engineer in their employ, to provide the specifications. The contractor was compelled to submit his bid thereon, and if at any time during the progress of the work it became apparent that the ditch as planned was inadequate, and additional expense would have to be incurred, the obligation to make such changes did not rest with the contractor, nor with the county surveyor. Having no authority to directly incur such a liability in the first instance, the county commissioners could not incur it indirectly by ratification.

The case is distinguished from Steele v. City of Ely, 96 Minn. 25, 104 N. W. 566, in this: The city in that case was one of the principals to the contract, having authority to make it. Under the drainage act, the county cannot be made a principal; but the county and certain public officers are constituted the agency through which those

interested in draining their lands may prosecute the enterprise.  In
the Steele case the contract defined the obligations of the parties.  In
the present case there was no contract between the contractor and
the county.

Affirmed.