# MULGREW-BOYCE COMPANY v. COUNTY OF FREE-BORN.[1]

### July 22, 1910.

### Nos. 16,693—(222).

**Action to reform contract for excavation — engineer's estimate.**

In proceedings for the construction of a county ditch, under chapter 230, Laws 1905, a contractor submitted a bid according to the plans and specifications of 12.95 cents per cubic yard for excavation. The bid was accepted and the work performed. *Held:*

1. An action will lie by the contractor against the county to reform the contract, by causing the engineer's estimate of cubic yards to conform to the number of cubic yards actually excavated as required by the plans.

2. The action is to correct a mistake in the estimate of cubic yards, so as to conform to what the parties agreed, and it is not an action to hold the county responsible for the negligence of a public officer.

3. The "estimate" of the engineer was not the basis of the bid, and the thirty per cent. limitation of the estimated cost of construction, as provided in section 14, c. 230, Laws 1905, has no application.

Action in the district court for Freeborn county to reform the engineer's report in a certain county ditch proceeding, to reform the contract between plaintiff and defendant for the construction of a ditch, and to recover $402.44.

The complaint, inter alia, alleged that its bid was to "construct ditch No. 17 according to plans and specifications for 12 95–100 cents per cubic yard for excavation;" that the engineer made demonstrable errors in his computation of the amount of earth to be excavated, as required by the plans and specifications, which were not discovered until after the written contract between plaintiff and

[1] Reported in 127 N. W. 396.

defendant was signed and the work had begun; that plaintiff was directed by the engineer in charge to complete the ditch; that, after the work was completed, plaintiff obtained from the engineer in charge and presented to defendant's board of county commissioners a final estimate for the work done; that the board of county commissioners authorized the payment of the final estimate to the amount of $1,346.85, that sum being the unpaid balance of the contract price, and voted that this should be "wholly without prejudice to the right of the contractor to bring suit for any balance that it claims to be due it," and said sum was thereupon paid to plaintiff, leaving a balance due to it of $404.44.

The answer denied that error appeared in the engineer's report and alleged that the engineer computed the total excavation in the entire job at 43,626.4 cubic yards and the estimated total cost at $4,362.64 and that the contract as entered into between plaintiff and defendant at $5,649.61 is "within five hundredths of one per cent. of thirty per cent. above the estimated cost of said construction job and within $21.82 of the maximum allowed by law therefor;" and that it never agreed to pay plaintiff more than $5,649.61 for said construction, which amount had been paid in full. The reply was a general denial.

The case was tried before Kingsley, J., who made findings of fact and as conclusions of law found that plaintiff was entitled to have the contract reformed by striking therefrom after the words "for the total sum of" "five thousand six hundred forty-nine dollars and sixty-one cents" and wherever the same occurred in said contract and inserting in lieu thereof the words "six thousand fifty-two dollars and five cents;" that plaintiff was entitled to recover from defendant county of Freeborn the sum of $402.44. From the judgment so entered, defendant county of Freeborn appealed. Affirmed.

*Norman E. Peterson,* for appellant.
*Morgan & Meighen,* for respondent.

LEWIS, J.
Respondent, having been the successful contractor for the building of a ditch at 12.95 cents per cubic yard upon plans and speci-

fications issued by the county of Freeborn, brought this action to reform the contract to change the number of yards as estimated by the engineer to the actual amount excavated. The trial court found that the profile map was erroneous, in that certain perpendicular measurements from the base line of the ditch and the surface of the soil were incorrectly measured; that as a result of such errors in measurements the amount of yardage to be removed, in order to make the ditch available and to accomplish the purpose for which it was being constructed, was 46,718.5, instead of 43,626.4 cubic yards; that the mistake was mutual—and ordered judgment for the correction of the contract to correspond with the facts, and that respondent recover the sum $402.44.

The evidence tends to prove that the engineer made mistakes in estimating the amount of yardage to be excavated in the different stations. The grade line, or bottom, of the ditch was correct, and to make the ditch available to do the work the excavation had to be made to that line. The actual amount excavated showed up the engineer's error in his estimate, and, as it was undoubtedly a mistake in calculation, there can be no reason why the facts should not be made to appear.

2. The county cannot escape liability for the payment of the actual amount excavated, on the ground that all of its acts, and the acts of its officials, were done in the exercise of governmental functions, and that the remedy, if any, is on the engineer's bond. Appellant has misapprehended the purpose of this action. The purpose is not to hold the county liable for the negligence of the engineer, but is an action to make the "estimate" comply with the facts. Both parties assumed that to be true which was not true, and it is not necessary to determine whether the engineer was a public officer for whose acts the county would be liable. The county is only primarily liable for the cost of constructing such ditches, and the expense is ultimately assessed against the lands benefited. This is not an action to recover for extra services, as was the case in Bowler v. County of Renville, 105 Minn. 26, 116 N. W. 1028.

3. Appellant calls attention to the provision of section 14, c. 230, Laws 1905, known as the "ditch law," which reads: "And no bid

shall be entertained which exceeds more than thirty (30) per cent. [of] the estimated cost of the construction. of the part of said work covered by said bid. * * *" The bid in question was as follows: "We, the undersigned, will construct ditch No. 17 according to plans and specifications for 12.95 cents per cubic yard for excavation, using what is styled a dry-land machine, and commence work in September of this year." This bid was accepted. and the work was performed thereunder.

The plans established the base line, and in order to have a ditch which would do the work it was necessary to excavate to that grade line, so that it would carry away the water. No mistake was made in the plans. The engineer's estimate of cubic yards was not the basis of the bid. The mistake was in the estimate of yards to be removed to carry out the plans. The bid was 12.95 cents per cubic yard for the amount of yardage necessary to excavate, in order to construct the ditch according to the plans and specifications. Whatever "thirty (30) per cent. of the estimated cost of the construction," etc., may mean, it has no application to the facts of this case, where the "estimate," so. called, was clearly erroneous.

Affirmed.