STATE BANK OF FAIRFAX v. PETER VLAAR and Others.[1]

December 19, 1913.

Nos. 18,281—(131).

**Town ditch — town not liable for cost.**

1. Chapter 127, Laws of 1909, providing for the construction of town ditches, requires the petitioners for the ditch to bear the entire expense of establishing and constructing it, and does not impose any liability upon the town. If the statutory prerequisites have been complied with, the contract price for constructing such ditch may be recovered from the petitioners, but cannot be recovered from the town.

**Same — acts of town officers.**

2. The town officers, in performing the duties imposed upon them by this law, act as agents of the law and not as representatives of the town.

**Action for contract price — complaint defective.**

3. By the terms of the statute the contract price is not payable until the

1 Reported in 144 N. W. 458.

ditch has been inspected and the inspectors have filed a certificate that it has been completed in accordance with the order establishing it. A complaint which does not show that such certificate was made, nor that the facts were such that the inspectors ought to have made it and refused to do so, fails to state a cause of action.

Action in the district court for Kandiyohi county by the assignee of one Tompkins against Peter Vlaar, Township of Holland and Township of Roseland to recover $1,014 for the construction of a town ditch. When the case was called for trial, defendant's motion for judgment on the pleadings in behalf of defendant Vlaar, for the reason it did not appear from the complaint that the township had ever accepted the ditch, was granted, Qvale, J. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

Rieke & Hamrum, for appellant.

George H. Otterness and J. M. Freeman, for respondent.

TAYLOR, C.

This is an action to recover the contract price for constructing a town ditch established under and pursuant to chapter 127, p. 120, Laws of 1909.[1] When the cause came on for trial, defendants moved for judgment on the pleadings. This motion was granted and judgment was entered in favor of defendants. Plaintiff appealed.

The only question presented is whether the complaint states a cause of action against defendants or any of them. To determine this question it is necessary to take into consideration both the provisions of the statute and the allegations of the complaint. The statute states the conditions under which a town ditch may be established and prescribes in detail the procedure to be followed. It is too lengthy to give even the substance of its provisions, but a brief statement of some of them may serve to explain the conclusions reached.

The act provides that, before any ditch shall be established, a petition therefor, signed by one or more of the owners of the lands to be benefited, shall be filed with the town clerk of a town in which some part of the ditch is proposed to be located (section 2 [G. S.

[1] [G. S. 1913, § 5634-5671].

1913, § 5635]); that the town clerk with whom the petition is filed shall fix a time and place for the hearing thereon, and shall give notice thereof (section 4 [G. S. 1913, § 5637]); that "the supervisors of all the towns containing lands described in said petition shall meet and hear and consider said petition, acting as one board" (section 5 [G. S. 1913, § 5638]); that if the board, at the hearing, shall find that all the prerequisite conditions exist, they shall make an order establishing and describing the ditch and assessing the benefits and damages therefor (section 8 [G. S. 1913, § 5641]); that "the ditch petitioners shall advance all costs and expenses of said ditch proceeding from its inception to its completion, including damages awarded and the costs of constructing said ditch, which costs, expenses and damages so advanced shall be repaid pro rata to said petitioners as hereinafter provided;" (section 10 [G. S. 1913, § 5643]); that board shall require such security from the petitioners as they may deem necessary (section 11 [G. S. 1913, § 5644]); that the clerk shall "invite bids for the work as one job and also in such divisions as the petitioners may in writing request" (section 17 [G. S. 1913, § 5650]); that "the town clerk shall contract separately in the name of the petitioners, with each party to whom any of such jobs are sold * * * and shall take from him a bond * * * payable to the petitioners for the use of such petitioners," and of all parties injured by any breach thereof (section 17 [G. S. 1913, § 5650]); that "the contractor or contractors may each require the signatures of each of the petitioners to the contract, and if any of the petitioners fail to sign said contract or contracts, said contractor or contractors may require that an amount of money equal to the contract price be deposited with the town treasurer to secure payment of said contract price upon the completion of said contract" (section 17 [G. S. 1913, § 5650]); that the work shall be done and completed under the supervision and subject to the approval of the board (sections 18, 22 [G. S. 1913, §§ 5651, 5655]); that, if the job be not completed by the contractor or his bondsmen, the petitioners may complete the same upon giving bond therefor (section 20 [G. S. 1913, § 5653]); that, if any party refuse to accept the damages awarded, the petitioners may pay the same to the town treasurer (section 21

[G. S. 1913, § 5654]) ; that the board shall inspect the ditch when advised of its completion, and, if they find it completed according to the contract, shall file a certificate to the effect with the town clerk (section 22 [G. S. 1913, § 5655]) ; that, upon the filing of such certificate, the contractor shall "be entitled forthwith to payment in full from said petitioners" (section 22 [G. S. 1913, § 5655]) ; that, upon the filing of such certificate, the town clerk shall make a tabular statement containing, among other things, the amount for which each benefited tract of land is liable, and, after marking all assessments against lands owned by the petitioners or any of them paid, shall file such statement with the register of deeds (sections 23, 24 [G. S. 1913, §§ 5656, 5657]) ; that such assessments may be paid to the county treasurer, and, if not so paid, shall be included in the next tax list (section 25 [G. S. 1913, § 5658]) ; that all assessments when collected shall be transmitted to the treasurer of the town in which the petition was filed to be kept by him as a separate fund (section 27 [G. S. 1913, § 5660]) ; that the compensation and expenses of the different officers and employees "shall be paid by the petitioners from time to time;" (section 34 [G. S. 1913, § 5667]) ; and that the proceeds of the assessments received by the town treasurer shall be paid pro rata to the petitioners who have paid the cost and expense of constructing the ditch (sections 10, 27 [G. S. 1913, §§ 5643, 5660]).

The complaint shows that, upon a petition signed by defendant Vlaar and one J. J. Maats, the ditch in question was duly established under and pursuant to this law; that the job of constructing it was duly awarded to one J. T. Tompkins; that Tompkins duly entered into a contract and gave a bond to construct the ditch and did construct it; that all amounts due or to become due by reason of the construction of the ditch were duly transferred to plaintiff by Tompkins; that Maats removed to Holland and is not now a resident of this country; that the town clerk duly prepared the tabular statement of assessments provided for in the law and filed the same with the register of deeds; and that such assessments have been paid and the proceeds therefrom are now in the hands of the respective treasurers of defendant towns. The complaint also shows that, under a

124 M.—6.

contract between Tompkins and certain landowners, the greater part of the ditch had in fact been constructed before it was established as a town ditch, but no claim against such landowners is involved in this action.

Under the law upon which the proceedings in controversy were based, it is clear that the petitioners for the ditch are required to pay the entire cost and expense of constructing it, and that no obligation to pay or advance any part of the same is imposed upon the towns. The towns are not parties to the contract; neither are they, in any manner, parties to the proceeding unless assessed for benefits to the public highways. For the purpose of providing the necessary machinery to carry the law into effect, it imposes various duties upon certain town officers, but, in performing such duties, these officers act as agents of the law, and not as officers of the town. It is well settled that, in such matters, no liability rests upon the municipality unless expressly imposed by law. Bowler v. County of Renville, 105 Minn. 26, 116 N. W. 1028; Merz v. County of Wright, 114 Minn. 448, 131 N. W. 635. Although the proceeds of the assessment are in the hands of the town treasurer, they are no part of the town funds and must be applied and disposed of as provided by the law. Whether they might be reached by garnishment in an action against the petitioners is not involved in this suit. No cause of action existed against the towns and they were entitled to a judgment to that effect.

Defendant Vlaar is one of the petitioners for the ditch and one of the parties to the contract for its construction. His co-obligor is beyond the jurisdiction of the court. Whether the complaint states a cause of action against Vlaar depends upon whether it shows that the requirements of the statute in respect to the construction of the ditch have been complied with and the contract fully performed. The contract is not set forth in the complaint nor included in the return to this court, and we are not informed as to its provisions. The answer alleges that a copy of the contract is attached thereto, but, as this is denied in the reply, we cannot consider the alleged copy. We may properly assume, however, that the contract is in accordance with the requirements of the statute.

It does not appear that an engineer was ever appointed in these proceedings. The statute provides that if no engineer be appointed, the "ditch shall be constructed under the supervision of the board, which shall have authority to approve the same;" [section 22] that, upon being advised that the ditch is completed, the town clerk shall call a meeting of the board; that thereupon the board, "shall inspect said ditch and if found complete and according to the order establishing the same, shall certify to said fact in writing and file said certificate in the office of said town clerk;" [section 22] and that "the contractor or contractors shall, upon said certificate being filed, be entitled forthwith to payment in full from said petitioners" [section 22]. Under this statute the contractor is not entitled to his pay until the board shall inspect the ditch and shall certify that it has been completed according to the order establishing it. Moody v. Brasie, 104 Minn. 463, 116 N. W. 941. Should the board improperly refuse to make such inspection or such certificate, an action could probably be maintained, if such fact be made to appear by proper averments. State v. Clarke, 112 Minn. 516, 128 N. W. 1008; Merz v. County of Wright, supra.

The complaint in question, however, does not show that the board were ever informed of the completion of the ditch, or ever inspected it, or ever made the prescribed certificate; neither does it show that they ever refused to inspect the ditch, or ever refused to make the certificate. To entitle plaintiff to recover, it must appear either that the board made the certificate as provided by the statute, or that the facts were such that they ought to have made it, and that they refused to do so. Neither situation is shown by the complaint, and the decision of the trial court was correct.

Judgment affirmed.