## S. P. ALDEN AND ANOTHER v. COUNTY OF TODD.[1]

### May 10, 1918.

### No. 20,792.

**County ditch — construction of statute — when reformation of contract is impossible.**

After a county ditch had been duly established, the contract for con-struction let, and the work started, it was discovered that a mistake had been made in the computation of the number of cubic yards to be removed, so that, if the price specified in the contract should be in-creased proportionately to the mistake, the cost of construction would largely exceed the estimated benefits to the lands affected.   Never-theless the contractors, the plaintiffs, proceeded with the construction. The work was accepted, and the contract price paid.   In this action against the county to reform the contract so as to increase the contract price proportionately to the mistake in the calculation of the yardage of the ditch, and to recover such balance, it is *held*:

(1) No liability can be imposed upon a county in ditch proceedings except as provided by the drainage act.   When the cost of the project exceeds the benefits assessed, the ditch cannot lawfully be established; and a contract for its construction at a price greater than the esti-mated benefits is void.   Therefore the court could not reform the con-tract in this case so as to allow a recovery in excess of the benefits.

[1]Reported in 167 N. W. 548.

(2) The scheme of the drainage law is that no liability shall be incurred in the establishment and construction of a ditch beyond the amount of assessed benefits; and any attempt to exceed this amount must be considered as futile under the constitutional provision forbidding the taking of private property for public uses without compensation.

(3) The county cannot be held liable for drainage construction under an implied contract, or on the theory that it has individually or in a proprietary sense received the benefit of the work.

Action in the district court for Todd county to reform a contract and to recover $4,224.50 under the contract as reformed. Defendant demurred to the complaint. The demurrer was overruled, Nye, J. The case was tried before Roeser, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

*Wm. W. Wood,* County Attorney, and *W. F. Donohue,* for appellant.
*M. J. Daly,* for respondents.

HOLT, J.

In the proceeding to establish a county ditch the benefits to the lands affected were estimated at $12,413.03, and the cost of the improvement at $7,709.75. Bids for the construction were advertised for and in the advertisement was this statement: "51,968 cubic yards to be removed. The estimated total cost of the work is $7,709.75." Plaintiffs bid. The bid was not for so much per yard, but was for 26½ per cent above the estimated cost, viz., for $9,750. It was accepted, and a contract with the county for the construction of the ditch was executed. Within a week or so after beginning work, it was discovered that the engineer had made a mistake in the computation of the yardage to be removed, and that to comply with the plans and specifications 22,171.6 cubic yards in addition to the number stated in the proposal for bids must be removed. Thereupon consultations were had with the engineer, the county auditor, and, perhaps, the individual county commissioners, but there was no meeting of the board, and plaintiffs were directed by the engineer to go on with the work and remove the yardage called for by the plans

and specifications. They did so. The work was accepted and the contract price of $9,750 paid. A bill for the additional yardage stated was presented to the county board. It was rejected. In addition to the cost of the excavation of the ditch there was incidental construction cost of nearly $1,000 for engineer's and viewer's fees, expenses of publi-cation, and serving of notices, etc. This action was instituted to reform the contract so as to make the price to be paid for the work $13,974.50 instead of $9,750, and to recover the balance unpaid according to the contract as reformed, viz., $4,224.50. Findings were made in favor of plaintiffs, and judgment entered accordingly, from which judgment defendant appeals.

In behalf of the county it is urged that there was here no authority in any one to bind it beyond the contract price, nor had any one the right to bind it by proceeding with the work, or by directing it to be proceeded with, when it was known that the cost of construction exceeded the benefits to the lands affected. We think the point well taken.

In the drainage proceedings the county is not interested in the result in a proprietary sense, but is a party thereto merely as a governmental agency. Bowler v. County of Renville, 105 Minn. 26, 116 N. W. 1028; Merz v. County of Wright, 114 Minn. 448, 131 N. W. 635; State Bank of Fairfax v. Vlaar, 124 Minn. 78, 144 N. W. 458. It can, therefore, become bound or liable only because statutory law so decrees, and not because of any implied contract to pay for benefits received or retained by it individually. The law clearly defines the manner in which liability for public drainage may be placed upon the county, and provides precisely how the county may reimburse itself for the liability thus imposed. Section 5532, G. S. 1913, does not permit the county board to establish a ditch unless, among other essentials, it is found "that the estimated benefits to be derived from the construction of the said work are greater than the total costs, including damages awarded, and that such damages and benefits have been duly awarded and assessed." As the benefits assessed by the viewers were fixed at $12,413.03, the county board lacked authority to establish a ditch costing a greater sum to construct. Plaintiff, as well as the officers and agents of the county, must be held to know the provisions of the law in this respect. Bowler v. County of Renville, supra; Seastrand v. D. A. Foley & Co. 135 Minn.

140 M.—12.

5, 159 N. W. 1072. And if plaintiffs proceeded with the work when, having discovered the mistake, it was obvious that the cost would exceed the benefits, they were bound to know that no act on the part of any agent, officer or board of defendant, could impose legal liability upon it for the construction of the ditch. Had the board established the ditch upon the facts as now found by the court, viz., that the cost of construction would exceed the benefits by nearly $2,500, the order establishing the same would certainly have been reversed on certiorari. And likewise had the contract entered into read as now reformed by the court it clearly would have been void. It cannot be that parties can knowingly proceed with a drainage project in violation of explicit statutory requirements, and then collect payment from the county, whose only interest in the whole proceeding is that of a mere governmental agency, on the theory that a court can reform the contract the county made for the work by inserting therein something which, had it been there originally, would have demonstrated the contract to be one not authorized by the statute and illegal.

Another consideration leads to the same result. The whole scheme of the drainage statutes is that the necessary means for the preliminary work and the actual construction of the ditches shall eventually be collected from the benefits assessed against the land affected by the drainage. It is not contemplated that the county should permanently part with the money which the law requires it to provide for financing a drainage project. It is true, the county is primarily liable to third parties for the legitimate expenses preceding the order establishing or refusing to establish a drainage proposition, and for the construction of the work, including the bonds sold to provide the necessary funds. Van Pelt v. Bertilrud, 117 Minn. 50, 134 N. W. 226. But the plain direction of the law is that the amount the county thus advances or becomes responsible for must be assessed upon the lands benefited. Bowler v. County of Renville, supra; or, if the proceeding be dismissed, that reimbursement be had upon the bond of the petitioners. As to the lands here affected the extent of liability was fixed, in the manner provided by law, by the finding of the viewers, adopted by the county board, that the total benefits conferred by the construction of the drainage work were $12,413.03. An attempt now to impose an additional burden of

nearly $2,500 upon these lands could be opposed successfully by the claim that the constitutional provision against taking private property without compensation stands in the way. "There can be no justification for any proceeding which charges the land with an assessment greater than the benefits; it is a plain case of appropriating private property to public uses without compensation." State v. Pillsbury, 82 Minn. 359, 85 N. W. 175.

Plaintiffs rely on Mulgrave-Boyce Co. v. County of Freeborn, 112 Minn. 5, 127 N. W. 396. The facts there were not similar to those in the case at bar. There the bid specified the price per cubic yard of excavation. Here it was a lump sum, based upon a percentage of the engineer's estimated lump sum cost. And, what is more important, there the benefits exceeded the cost of construction, even after the reformation of the contract, by several thousand dollars, so that the legal question here presented could not even be broached. No doubt the legislature might place upon the county, as a governmental agency, the financial responsibility of ditch construction, and to that end may by statute change the terms of a partly performed construction contract (State v. George, 123 Minn. 59, 142 N. W. 945), but the present drainage act is particular not to authorize the construction, with its attendant obligations, unless the cost thereof can be made out of the amount assessed as benefits.

The case of State v. Clark, 116 Minn. 500, 134 N. W. 130, is also cited, but that relates to the construction of a public road lawfully let to a contractor where the work was completed and accepted. The town officers sought to avoid payment on the ground that a public contractor's bond had not been furnished. The case is not in point. Nor are decisions involving proprietary interests of municipalities, or businesses which they may have the option to embark in, such as operating lighting and heating plants or waterworks, where the acceptance of benefits under a void contract may create a liability, instances of which are: First Nat. Bank of Goodhue v. Village of Goodhue, 120 Minn. 362, 139 N. W. 599, 43 L.R.A.(N.S.) 84; Laird Norton Yards v. City of Rochester, 117 Minn. 114, 134 N. W. 644, 41 L.R.A.(N.S.) 473, and authorities there referred to.

The conclusion above expressed makes it unnecessary to determine

whether there was error in denying defendant's motion to make the interested landowners parties to this action, for plaintiffs cannot prevail against defendant.

The judgment must be reversed.