## CEMENT PRODUCTS COMPANY v. COUNTY OF MARTIN AND OTHERS.[1]

May 29, 1919.

No. 21,285.

**County and its officers agents of the state in drainage proceeding.**

1. The county and certain of its officers in a public drainage proceeding under our statute, act as agents of the law through which the project is carried into effect.

**Liability of county statutory.**

2. In a public drainage proceeding the statute provides the manner and extent to which a county may become liable, and it can be made liable in no other way.

**Advertisement for bids — action by contractor against county officers.**

3. Where a contractor for the construction of a public ditch placed his whole reliance upon a statement contained in the notice for bids as to the condition of the soil where the tile was to be laid, he has no cause of action against the officers or agents as individuals.

**Same — character of soil.**

4. A contractor for the construction of a public ditch is not entitled to recover damages from the county or its officers based upon a statement in the notice for bids as to the character of the soil and because he encountered conditions more difficult and expensive in which to lay tile than he was led to expect from such statement.

**Same — county not liable to bidders.**

5. Counties and their officers and agents required by law to establish public drainage systems and to let contracts for the construction thereof

[1] Reported in 172 N. W. 702.

to the lowest bidders upon public notice, are under no obligation to obtain information concerning the character of the soil or cost of the work for the benefit of the bidders, their sole duty in that regard being to the public.

Action in the district court for Martin county against defendant county, its auditor, the engineer of the ditch in question, and the surety company upon the engineer's bond, to recover $3,000 for false representations in the notice for bids for the construction of Judicial Ditch No. 37 regarding the nature of the soil. The separate demurrers of defendants to the complaint were sustained, Dean, J. From the order sustaining the demurrers, plaintiff appealed. Affirmed.

*J. E. Haycraft,* for appellant.

*Albert R. Allen, Leo J. Seifert, Kerr, Fowler, Schmitt & Furber* and *Clay W. Johnson,* for respondents.

QUINN, J.

Demurrer by the defendants separately to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. From an order sustaining each demurrer plaintiff appealed.

Defendant Brown was appointed official engineer in Judicial Ditch Proceeding No. 37 of Martin county. He duly qualified with the defendant American Surety Company as surety on his bond in the sum of $5,000. Brown made a survey of the system and filed his report thereof as required by law. A final hearing was had and an order made and filed establishing the drainage system as an all tile project. Thereupon the county auditor gave due notice that on May 20, 1914, he would sell the job and let the contract to the lowest responsible bidder for the construction of the proposed ditch. The following statement appeared in the notice: "Soil black loam with clay subsoil." Plaintiff was the successful bidder and accordingly entered into a contract with the defendant county to construct the ditch. The ditch was constructed, accepted and paid for pursuant to the contract.

In addition to the foregoing facts it is alleged in the complaint that the engineer stated in his official report that the soil where the ditch was to be constructed was black loam with clay subsoil; that the county audi-

tor stated in the notice for bids that the soil was black loam with clay subsoil; that said statements were false as defendants well knew; that, in bidding for said job and in entering into the contract for the construction of the ditch, plaintiff believed and relied upon the statement contained in the auditor's notice that the soil where the ditch was to be constructed was black loam with clay subsoil, but that much of the soil was sandy and the subsoil was sand and gravel and much more difficult and expensive in which to construct tile drainage; that by reason thereof plaintiff was put to a greater cost and expense in constructing said ditch than he would have been had the conditions been as represented; that such greater cost was the sum of $3,000, to plaintiff's damage in that amount.

It is well settled in this state that in public drainage proceedings the county acts as the agent of the law through which the project is carried into effect. The county does not act in a proprietary sense. Alden v. County of Todd, 140 Minn. 175, 167 N. W. 458; State Bank of Fairfax v. Vlaar, 124 Minn. 78, 144 N. W. 458; Merz v. County of Wright, 114 Minn. 448, 131 N. W. 635; Bowler v. County of Renville, 105 Minn. 26, 116 N. W. 1028. The statute provides the manner and extent to which a county may become liable and it can be made liable in no other way. Alden v. County of Todd, supra. Neither the county board nor any of the county officers may place any burdens upon the county other than those authorized by the statute, nor is the county liable in damages for a breach of duty on the part of those entrusted to carry the project into effect. 15 C. J. p. 568, VIII; Dosdall v. County of Olmsted, 30 Minn. 96, 14 N. W. 458, 44 Am. Rep. 185.

It appears from the complaint that in making his bid and entering into the contract plaintiff relied upon the statement found in the auditor's notice for bids as to the character of the soil. It does not appear, however, that at the time of making the bid or entering into the contract plaintiff examined the engineer's report or placed any reliance upon it. The county as such, in proceedings of this character, owes no duty to the prospective bidder. All that is required of the successful bidder is to construct the system in accordance with the plans and specifications. A statement in the engineer's report or in the auditor's notice for bids as to the character of the ground, constitutes no part of the plans and

specifications. While the engineer and the auditor are in duty bound to the public to use diligence in obtaining such knowledge of the conditions to be dealt with as may be necessary to enable them in letting the contract, to conserve the public interests, no provision of the statute has been pointed out requiring such information to be furnished to the bidders. Such a duty would mean that every representation made by the public agent, appointed to obtain proposals for the execution of such public work, would amount to a warranty that the representation was true, or that experience and skilled agents had been employed to obtain the information on which it was made, and that the agent had been guilty of no negligence in the discharge of his duties. Such a doctrine would take from the contractor and impose upon the public all undiscovered contingencies or risks incident to the construction of the system which by diligence might have been found out. We know of no precedent or other reason for such a rule.

The principle involved is ably discussed in the case of Sanitary District of Chicago v. Ricker, 91 Fed. 833, 34 C. C. A. 91. If the auditor was at fault in stating the character of the ground in the notice, the breach of duty was to the public as represented by the county and not to the bidder. Appellant had no ground for complaint. He does not claim that he supposed the auditor had personally inspected the ground along the route of the ditch. He must have understood that the statement was at best but hearsay. He made no inquiry as to the fact and knew it was no duty of the auditor to furnish such information. It was as much the duty of the plaintiff to inform himself of the character and condition of the ground in order to make his bid and enter into the contract so as to guard his own interests, as it was the duty of the agents to obtain such information to enable them to let the contract and protect the interest of the public. It does not appear from the pleadings that either of the defendants, Nolte or Brown, made any representation to the plaintiff as to the matters of which he complains, nor does it appear that the plaintiff relied upon any statement made by either of said defendants, but he placed his whole reliance upon the statement contained in the notice.

We are satisfied that the complaint fails to state a cause of action against any of the defendants therein named. The order appealed from is affirmed.