Allen, J.
 

 It is conceded that the assessment against at least five of the lots owned by the plaintiffs in error was greatly in excess of the value of the lots after the improvement was made.
 
 *294
 
 It is also conceded that the plaintiffs had no actual notice of the assessment and that the improvement was completed before the assessment was made. The Court of Appeals dismissed the plaintiffs’ petition, evidently under the authority of the cases of
 
 Bashore
 
 v.
 
 Brown, Treas.,
 
 108 Ohio St., 18, 140 N. E., 489, and
 
 City of Cuyahoga Falls
 
 v.
 
 Beck,
 
 110 Ohio St., 82, 143 N. E., 661.
 

 In the
 
 Beck case, supra,
 
 however, the court specifically declined to apply the doctrine of that holding to cases where the assessment was made after the improvement was completed, saying:
 

 “It is plain that the property owner who is assessed for a certain amount only after the improvement is completed is in a difficult position. He cannot. question the amount of the assessment before the completion of the improvement, because he was not notified of the amount of the assessment before the improvement was finished. In such case it might be questioned whether a property owner’s failure to avail himself of his statutory right to object would bar him from relief in a court of equity, and we express no opinion herein upon that specific point. In this case, however, no such problem arises, for the property owners had notice of the definite amount to be assessed against them long before the pavement was finished, and yet stood by and allowed the expensive improvement to proceed to completion.”
 

 Moreover, an assessment against property in excess of the value of the property after the improvement is made constitutes, in fact, not a special assessment, but the taking of property for public use without compensation.
 
 Chamberlain
 
 v.
 
 City of
 
 
 *295
 

 Cleveland,
 
 34 Ohio St., 551;
 
 Cincinnati, Lebanon & Northern Ry. Co.
 
 v.
 
 City of Cincinnati,
 
 62 Ohio St., 465, 57 N. E., 229, 49 L. R. A., 566;
 
 State ex rel. Shafer
 
 v.
 
 Otter, County Surveyor,
 
 106 Ohio St., 415, 140 N. E., 399. While the
 
 Cincinnati, Lebanon & Northern Ry. case, supra,
 
 has been overruled upon another proposition in the
 
 Otter case, supra,
 
 its statement of the above principle still stands as law.
 

 Cases could be multiplied in support of this holding.
 
 Hutcheson
 
 v.
 
 Storrie,
 
 92 Tex., 685, 51 S. W., 848, 45 L. R. A., 289, 71 Am. St. Rep., 884;
 
 Board of Directors of Crawford County Levee Dist.
 
 v.
 
 Dunbar,
 
 107 Ark., 285, 155 S. W., 96 (1913);
 
 State ex rel. Oliver Iron Mining Co.
 
 v.
 
 City of Ely,
 
 129 Minn., 40, 151 N. W., 545, L. R. A., 1915E, 815;
 
 Power
 
 v.
 
 City of Helena,
 
 43 Mont., 336, 116 P. 415, 36 L. R. A., (N. S.), 39;
 
 Alden
 
 v.
 
 Todd County,
 
 140 Minn., 175, 167 N. W., 548 (1918);
 
 Futscher
 
 v.
 
 City of Rulo,
 
 107 Neb., 521, 186 N. W., 536 (1922);
 
 City of Denison
 
 v.
 
 Smith,
 
 (Tex. Civ. App.), 260 S. W., 207 (1924).
 

 A recent case to the same effect is
 
 City of Louisville
 
 v.
 
 Bitzer,
 
 115 Ky., 359, 73 S. W., 1115, 61 L. R. A., 434, which holds in the syllabus that an abutting owner cannot be assessed for a street improvement for an amount equal to or in excess of his property’s value. In the opinion it is said:
 

 “The rule, also, is that, while these assessments rest upon the basis of benefits or presumed benefits to the property assessed, it is not essential to their validity that actual enhancement in value or other benefits to each owner should be shown;
 
 *296
 
 the judgment of the city council being conclusive as to the propriety of the improvement. [Citing Kentucky holdings.] On the other hand, it is held that when, owing to extraordinary facts, the presumption on which the rule rests does not apply, and to force the owner to make the improvement is to confiscate his property without compensation, this is spoliation, and will not be enforced.
 
 * * *
 
 In other words, the judgment of the legislative municipal authorities is held conclusive in all cases of doubt as to these matters; but, where the total value of the property taxed after the improvement is made is less or no more than the cost of the improvement, there is no room for difference of opinion — that to enforce the lien is to take from the owner his property without compensation. # * * It may be objected that logically the rule should be to reject all assessments in excess of the benefits received by the property owners, and not to confine its operation to cases where the assessment equals the value of the property when improved. But in every system of taxation exact equality of benefits among those taxed is never attainable. * * * But no department of the government can take the property of the citizen for public purposes without just compensation, and when the entire property is taken to pay for a public improvement there is no room for a presumption as to the benefits received, but a case of spoliation is shown.
 

 “The proof here showing conclusively that the cost of the improvement far exceeded the entire value of the property assessed after the improve
 
 *297
 
 ment was made, the circuit court properly refused to enforce the lien upon the property.”
 

 Under these circumstances it is not necessary to allege, nor prove, that the plaintiffs have pursued the statutory remedy provided, and they may avail themselves of Section 12075, General Code, and apply for injunction in a court of equity.
 

 Considerable discussion is expended in the briefs of both plaintiffs in error and defendants in error upon the constitutionality of the statutes involved herein. This question, however, was not raised in any of the pleadings. The plaintiffs attacked the constitutionality of the particular assessment in question, but nowhere attacked the constitutionality of the statutes. Nor was that question involved in the judgment of either court. We therefore make no holding upon that particular point.
 

 The finding of facts of the Court of Appeals shows that as to lots Nos. 188,189,190, 198, and 199, the assessment both with and without interest greatly exceeds the fair market value of the lots after the improvements were constructed. There being no contest upon the facts as to these lots, and such an assessment constituting a taking of private property for public purposes without compensation, final judgment must be entered as to these lots in favor of the plaintiffs in error herein.
 

 The finding of facts of the Court of Appeals further shows that as to lots Nos. 191 and 192 the assessment is less, both with and without interest, than the fair market value of the lots after the improvements were constructed. As to these lots the plaintiffs in error were entitled to be heard in the Court of Appeals.
 

 
 *298
 
 The cause therefore as to these two lots is remanded to the Court of Appeals of Trumbull county for further proceedings in accordance with this opinion.
 

 Judgment reversed and final judgment for plaintiffs in error as to lots Nos. 188, 189, 190, 198, and 199, and judgment reversed as to lots Nos. 191 and 192, and cause remanded for further proceedings in accordance with this opinion.
 

 Judgment reversed.
 

 Marshall, C. J., Kinkade and Robinson, JJ., concur.