O. N. GJELLEFALD, Appellee, v. DRAINAGE DISTRICT No. 42 et al., Appellants.

**REFORMATION OF INSTRUMENTS: Instruments Reformable—Mistake.** A written contract between a drainage contractor and the board of supervisors which inadvertently departs from the terms of the bid and the acceptance by the board will be reformed on an application in equity.

**DRAINS: Construction—Construction Aside Contract.** A public drainage contractor may not recover for construction work which is neither provided for in his contract nor ordered nor approved by the board of supervisors, even though it was ordered by the engineer in charge.

**DRAINS: Construction—Extra Contract Work.** While a contractor may not recover for cleaning out a ditch, consequent on his own fault, yet he may recover for extra contract excavation after so cleaning out, on order of the proper authorities.

**DRAINS: Payment—Interest on Deferred Payment.** Interest on long deferred payments due to a contractor may properly be ordered.

Headnote 1: 34 Cyc. pp. 907, 909, 911.  Headnote 2: 19 C. J. p. 692.
Headnote 3: 19 C. J. p. 692.  Headnote 4: 19 C. J. p. 694 (Anno.)

Headnote 1: 28 L. R. A. (N. S.) 785; 26 A. L. R. 492; 23 R. C. L. 321.

*Appeal from Osceola District Court.*—C. C. BRADLEY, Judge.

MARCH 15, 1927.

REHEARING DENIED JULY 1, 1927.

An action in equity to reform a contract and to recover thereunder, after its reformation, certain items which it is claimed were unpaid by the drainage district. A decree of reformation was entered, and allowance was made by the district court for items claimed. The drainage district appeals.—*Modified and affirmed.*

*W. C. Garberson* and *E. E. Wagner,* for appellants.

*Senneff, Bliss, Witwer & Senneff, Thompson, Loth & Lowe,* and *Morling & Morling,* for appellee.

ALBERT, J.—The Graettinger Tile Works is an intervener in this action on certain claims held by it against appellee, O. N. Gjellefald, but, as these matters were all determined in another case, and its only interest in this case is the application of the funds obtained by Gjellefald in this case against the drainage district, we will give this matter of the petition of intervention no further consideration.

In September, 1919, the board of supervisors of Osceola County, Iowa, duly established its codefendant herein, the Drainage District No. 42, under the drainage laws of the state of

1. REFORMATION OF INSTRUMENTS: instruments reformable: mistake.

Iowa. It advertised for bids for labor and material to construct the improvement in said drainage district. In pursuance thereof, on the 8th day of September, 1919, the appellee, Gjellefald, filed his written bid for labor and material to construct said improvement. His general bid was for the sum of $143,010. It also contained the following provisions:

"Intake material $1 per inch in size of tile. * * * Overdepth 50% above attached schedule. Underdepth in proportion to bid."

To this bid was attached a schedule, covering all tile from 5 inches to 48 inches in diameter, together with the charge for laying said tile at different depths. The bid thus made by Gjellefald was accepted by the board. Later, the county auditor purported to draw a contract for labor and material, which was made in two contracts, one to cover labor and the other to cover the material. These were forwarded by mail to Gjellefald, who signed same and returned them to the county auditor. It appears that, in preparing these written contracts, the county auditor did not, in terms, follow the accepted bid. With reference to the inlets, the contract read as follows:

"It is further bargained and agreed that the inlet material for all direct inlets *additional* to those specified in Notice to Contractors, etc., will be furnished by second party [Gjellefald] upon the basis of one dollar per inch of diameter of inlet."

At this point, it is argued that this paragraph of the contract should be reformed by striking out the words "additional to those specified in the Notice to Contractors." As to this matter, the contract written varied from the accepted bid in this:

that in the bid it read, "Overdepth 50% *above* attached schedule." In the contract, as written, it reads:

"It is hereby stipulated and agreed that 50% *of* the prices specified in Exhibit A [the schedule attached to the bid] hereto attached shall be the schedule for additional services, if any, performed by the second party in excavating for and installing tile at depths additional to those specified in the existing plans."

It is argued that the contract should be reformed to correspond to the bid: in other words, that for overdepth work the pay should be 50 per cent *above* the schedule prices, instead of 50 per cent *of* the schedule price.

At the time in controversy herein, there was no provision whatever in the drainage laws of Iowa specifying or providing for or authorizing the making of such contracts as were made in this case. It is a well settled principle of law that, in these public improvements, where there is no provision for the making of contracts, that the bid made, with its acceptance by the proper municipal body, constitutes the contract. *City of Ft. Madison v. Moore,* 109 Iowa 476; *Hedge v. City of Des Moines,* 141 Iowa 4; *Capital City B. & P. Co. v. City of Des Moines,* 152 Iowa 354; 13 Corpus Juris 289.

Under these rules, the real contract between these parties, therefore, was the bid made, and the acceptance by the board. It is also apparent from the record that, when the written contracts were attempted to be made, in the respects above pointed out they varied from the contract as actually made by the bid and acceptance. The testimony in the case overwhelmingly shows that, when these written contracts were made, it was the intention of all parties that they should correspond in all respects with the bid.

In *Day v. Dyer,* 171 Iowa 437, at 450, this court said:

"We find this doctrine laid down in the books: that, whenever it clearly appears that the written instrument, drawn professedly to carry out the agreement of the parties previously entered into, is executed under the misapprehension that it really embodies the agreement, whereas, by a mistake of the draughtsman, either as to fact or law, it fails to fulfill that purpose, equity will correct the mistake by reforming the instrument in accordance with the previous agreement."

In *Merriam v. Leeper,* 192 Iowa 587, the court said:

"It is a general rule in equity that a party to a written contract may not escape the obligations thereof by merely showing that he failed to read the same, and therefore failed to discover some of its provisions. * * * Such is not the case before us. The minds of these parties had previously met, and their contract had been reduced to writing. Their mutual rights and liabilities were therefore defined by such written contract. There is no claim of any mistake in such contract. There were no later negotiations looking to a new contract. * * * True, it was competent for the parties to the antecedent contract to modify the same by *subsequent* negotiations, and such modification could properly have been included in the notes and mortgages. But there were no negotiations between the parties looking to any modification of the original contract."

So in this case, these parties had made a complete contract when the bid was accepted by the board, and if, in their attempt subsequently to make a written contract covering this contract, errors crept into it which were detrimental to the interests of the contractor, there is no reason why the same should not be corrected in equity. As tending to support this conclusion, see *Stelpflug v. Wolfe*, 127 Iowa 192; *Fullerton v. City of Des Moines*, 147 Iowa 254; *Hyde Park Inv. Co. v. Glenwood Coal Co.*, 170 Iowa 593; *Merriam v. Leeper*, supra.

We are quite satisfied, under the evidence and record in this case, that the district court was warranted in reforming this contract to make it correspond to the bid. This being true, the district court rightfully determined the amounts due appellee for the intakes and also for the overdepths.

A dispute has also arisen as to charges for a certain bulkhead put in at the end of the tile drain where it empties into the open ditch. The engineer in charge admits that in his proposed settlement he omitted this, and the only dispute is as to the amount thereof. It was provided for in the original plans and specifications; and, of course, the contractor is entitled to pay therefor. The weight of the evidence in the case satisfies us that the action of the district court was right, in making the allowance he did therefor.

There are a number of places in this improvement where the tile used was laid in cement in a manner which is designated in the record as "cradling." This work was not provided for in

2. DRAINS: con-
struction: con-
struction aside
contract.

the original plans and specifications. It appears that the work was done where tile drains crossed highways. There were five of these crossings in all, one of which was paid for, leaving the other four in dispute. It appears that, after the proposed improvement was contracted for, one of the highways through which this improvement was to be constructed was made a primary road, and this crossing is designated in the record as the "Matthews Crossing." On account of the road's being so made a primary road, the engineer determined that this drain, where it was laid under the highway, should be cradled, which was accordingly done, and the court allowed therefor the sum of $400. For the other three crossings under highways the court allowed $95 each. This work was not included in the original contract; it was not ordered by the board of supervisors; nor, so far as shown by the record, was it approved by them. It was done wholly under the order of the engineer in charge. Under similar circumstances, we have held that contractors are not entitled to pay for work under these circumstances. *Monaghan v. Vanatta*, 144 Iowa 119; *Humboldt County v. Ward Bros.*, 163 Iowa 510; *Bowler v. County of Renville*, 105 Minn. 26 (116 N. W. 1028). The court erred in allowing the contractor pay for this work of cradling the tile above referred to.

It appears that at the lower end of this improvement (and as a part of it) was an open ditch, into which the tile drains emptied. This open ditch was constructed first. In the construction of the other part of the improvement,

3. DRAINS: con-
struction: extra
contract work.

much silt and loose earth were washed into the open ditch, and partially filled the same. The contractor was required to remove this. If this had been all that was done in the open ditch, we would be disposed to hold that for the work of cleaning out the open ditch, he was not entitled to compensation. The record, however, shows that, when he cleaned out the open ditch, under orders from the engineer, he excavated below the original grade line an amount of about 1,605 cubic yards, and for this extra excavating the district court allowed the contractor compensation at 30 cents a yard. This being a matter of overdepth, the contractor was entitled to compensation therefor, as provided for in his contract. As supporting and throwing light on this proposition, see *Simpson v.*

*Board of Supervisors,* 186 Iowa 1034; *Busch v. Joint Drainage Dist.,* 198 Iowa 398; *Board of Commissioners v. Gibson,* 158 Ind. 471 (63 N. E. 982).

The action of the district court in allowing this charge was correct.

Complaint is made because the district court allowed interest on the amount due from the board to the contractor. It appears that the improvement was completed and accepted by
4. DRAINS: pay-     the board in August, 1922; but, on account of
ment: interest    some alleged claims that had been filed, the
on deferred
payment.          board demanded, and the contractor put up, a
bond for $17,500, to protect the board from liability on said claim. But even then the board refused to pay the contractor. With this situation, we are unable to see why it is not right and just that the contractor should have interest for the delay in these payments. The district court did right in allowing interest.

With the exception of the matters herein specified, the action of the district court was right in all respects.—*Modified and affirmed.*

EVANS, C. J., and STEVENS and DE GRAFF, JJ., concur.

MORLING, J., not participating.