Guy R. Martin, Columbus, for defendant in error for the motion.

Henderson, Burr & Randall, Columbus, for plaintiff in error, contra motion.

John C. McCarthy, Cincinnati, for plaintiff in error.

Louis J. Schneider, Cincinnati, Walter M. Locke, Cincinnati, and Robert A. Ludeke, Cincinnati, for defendants in error.

## MURRAY v BROWN et

Ohio Appeals, 1st Dist, Hamilton Co

No 4296. Decided April 3, 1933

## OPINION

By ROSS, J.

This is a proceeding in error from the Court of Common Pleas of Hamilton County, wherein judgment was rendered for the defendants.

The suit was to enjoin the collection of an assessment levied by the County Commissioners of Hamilton County against the property of the plaintiff in error for a water line constructed along the front of his property in Muddy Creek Road.

The petition alleges that the improvement constitutes no benefit to the property of the plaintiff in error, that it is illegal in that exceptions were unlawfully granted to owners of property similarly situated to the plaintiff in error, that his property is now adequately served with water furnished by the City, through a main paid for by the plaintiff in error, and that his residence

is too far removed from the new main to be served by it.

The answer in the first defense states that the plaintiff in error protested the assessment, that such protest was considered by the County Commissioners at a hearing held in accordance with the provisions of §6602-2, GC, and that the Board of County Commissioners more than 5 days after such hearing determined to proceed with the improvements and that the plaintiff in error was so notified, that the plaintiff in error took no appeal to the Probate Court from the conclusion of the Board of County Commissioners, as is provided for by law, and that the final assessment levied was less than the tentative assessment fixed by the Board.

The second defense is a general denial.

A reply was filed in which it is stated, first, that the first defense in the answer does not apply to the cause of action stated in the petition; and, second, that the proceedings were had under a statute that is unconstitutional.

A demurrer was filed to the "first reply to the first defense" in the answer. No action is found in the record upon this demurrer except inferentially as included in the judgment of the trial court.

Judgment was for the defendants below. No motion for a new trial was filed. The judgment recites the overruling of an application for a rehearing. There was no motion or application filed after the judgment.

As the matter is thus presented this court is limited to the consideration of only such errors as may be considered in the absence of a motion for a new trial. **Spangler v Brown et, 26 Oh St, 389; Boedker v Warren E. Richards Co., 124 Oh St, 12.**

Upon the claim of unconstitutionality, the statutes involved have been sustained by the Supreme Court.

The statute law of the state provides an adequate remedy at law of which the plaintiff in error failed to avail himself. Having so failed, he can not invoke the services of a court of equity. **Bashore v Brown, Treasurer, 108 Oh St, 18. City of Cuyahoga Falls v Beck et, 110 Oh St, 82. Hammond, Treasurer v Winder, Receiver, 112 Oh St, 158.**

Sec 6602-3a, GC, provides as follows:

"After the passage of a resolution to proceed with such improvement no further action shall be taken or work done in connection therewith until ten days have elapsed. If at the expiration of such period no appeal has been perfected by any property owner, as provided in §§6602-3b to 6602-3q, GC, inclusive, as the same are hereby enacted, the action of the board shall be final and conclusive and the board may proceed to issue and sell bonds or certificates of indebtedness and to construct such improvement. If, at the end of ten days, any owner of property to be assessed or taxed for the improvement shall have effected such appeal, then said work shall not be proceeded with until the matters appealed from shall have been disposed of in court."

Sec 6602-3b GC provides for an appeal to the Probate Court from the decision of the County Commissioners in regard to:

"1. The necessity of the improvement, including the question whether the cost of the improvement will exceed the benefits resulting therefrom.

"2. Boundaries of the assessment district.

"3. The tentative apportionment of the assessment."

We have in mind the decision of the Supreme Court of Ohio in **Baxter et v Van Houter, Auditor et, 115 Oh St, 288,** but there is no claim in this case that the assessment is in excess of the value of the property.

The plaintiff in error had notice of the intended improvement and the tentative amount of the cost thereof to him and which was more than the actual assessment. This fact distinguishes the application of the rule as set forth in the Beck case, supra, and as quoted in the Baxter case, supra.

"In the Beck case, supra, however, the court specifically declined to apply the doctrine of that holding to cases where the assessment was made after the improvement was completed, saying:

"'It is plain that the property owner who is assessed for a certain amount only after the improvement is completed is in a difficult position. He cannot question the amount of the assessment before the completion of the improvement, because he was not notified of the amount of the assessment before the improvement was finished. In such case it might be questioned whether a property owner's failure to avail himself of his statutory right to object would bar him from relief in a court of equity, and we express no opinion herein upon that specific point. In this case, however, no such problem arises, for the property owners had notice of the definite

amount to be assessed against them long before the pavement was finished, and yet stood by and allowed the expensive improvement to proceed to completion'." Baxter v Van Houter, supra, page 294.

It was only after the plaintiff in error had failed to avail himself of the appellate procedure authorized by the statute within the time limited that the Board proceeded with the laying of the water main.

There being some evidence that the improvement was of some benefit, in the absence of a motion for a new trial, we are not permitted in this error proceeding to weigh the evidence in determining whether the trial court was correct in his judgment.

The judgment is affirmed.

HAMILTON, PJ, and CUSHING, J, concur.