MAX HEMZE AND ANOTHER v. COUNTY OF RENVILLE.

95 N. W. (2d) 596.

March 20, 1959—Nos. 37,644, 37,645.

*Paul Ter Steeg,* for appellants.
*Harold R. Pfeiffer,* for respondent.

MATSON, JUSTICE.

Two landowners appeal separately from judgments assessing benefits and damages in a county ditch proceeding.

The facts herein are not complicated. Proceedings were instituted by petition under M. S. A. 106.031 for the establishment of Renville County Ditch No. 113B. From the report of the viewers assessing damages and benefits seven landowners, including appellants, and the town of Troy appealed to the district court pursuant to § 106.631. Over the objection of appellants, the lower court ordered a joint trial of the eight appeals before a jury. Appellants herein are appealing from judgment entered on the jury verdict.

Two issues face this court: (1) Whether the trial court erred in ordering the joint trial of the eight cases; and (2) whether the trial court erred in refusing to allow appellants to call the ditch engineer for cross-examination under Rules of Civil Procedure, Rule 43.02. In each, the answer is no.

■ Appellants allege no common question of law or fact is involved as required by Rule 42.01. That rule reads as follows:

"When actions *involving a common question of law or fact* are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." (Italics supplied.)

Respondent, of course, argues that a common question of law or fact is involved. It is unnecessary to determine whether a common question of law or fact is involved since the rule is not applicable. Rule 81.01 provides that the rules do not govern procedure and practice in those statutory proceedings listed in Appendix A "insofar as the statutes are inconsistent or in conflict with the procedure and practice provided by these rules." Among those proceedings listed in Appendix A are M. S. A. cc. 105 to 113, applicable to drainage. Section 106.631, subd. 2(c), provides in part that in appeals to the district court from orders determining benefits or damages:

"* * * If there be more than one appeal triable in one county, the court may, on its own motion or upon the motion of a party in interest, consolidate two or more appeals and try them together, but the rights of the appellants shall be separately determined."

In so far as Rule 42.01 requires a common question of law or fact, it is in conflict with § 106.631, subd. 2(c), which contains no such requirement. In view of this conflict the statute, pursuant to Rule 81.01, prevails. The rights of appellants were separately determined below since the jury returned eight verdicts. Clearly the trial court did not err in ordering joint trials of the actions.

 Regarding the second issue, appellants allege error in refusal of the trial court to allow the ditch engineer to be called for cross-examination under Rule 43.02, providing in part as follows:

"* * * A party may call an *adverse party* or his *managing agent* or employe or an officer, director, managing agent or *employe* of the state or any political subdivision thereof or of a public or private corporation or of a partnership or association or body politic which is an adverse party, and interrogate him by leading questions and contradict and impeach him on material matters in all respects as if he had been called by the adverse party, * * *." (Italics supplied.)

For two reasons appellants' contention is erroneous.

First, since the county is not an adverse party, the scope of the rule does not embrace the ditch engineer who, pursuant to § 106.071, was appointed by the county board. In In re Judicial Ditch No. 7, 238 Minn. 165, 174, 56 N. W. (2d) 435, 57 N. W. (2d) 29, 30, we stated:

"In a county ditch proceeding *the county is not a party to the controversy* except in the sense that it has been charged with the duty of performing certain functions for and on behalf of those interested in the establishment of the ditch. The petitioners on the one hand and the objectors on the other are ordinarily the real parties to the controversy. *In the trial the county has no interest in the outcome.*" (Italics supplied.)

Although the above case involved a judicial ditch, the language in so far as Rule 43.02 is concerned is equally applicable to county ditches. Since the county is reimbursed for all expenditures relating to the ditch from benefits assessed landowners (§ 106.341), it has no adverse interest in whether the ditch is established or not.[1] Since the county is not an "adverse party" under Rule 43.02,[2] it follows that the ditch engineer, as its employee, is not subject to call for cross-examination.

Nor, as appellants allege, can the engineer be cross-examined as the "agent of the petitioners * * * if they are the real defendants." Rule 43.02 permits the cross-examination of an agent only if he is a managing agent. Recently in Alsleben v. Oliver Corp. 254 Minn. 197, 201, 94 N. W. (2d) 354, 357, we pointed out that under Rule 43.02 a "managing agent" of an adverse party "must be an agent who is vested with powers and duties which entail some discretionary control, management, or supervision of such adverse party's *business activities, policies, or employees.*" (Italics supplied.) Quite clearly the ditch engineer's position in relation to the petitioners does not fit this test.

Secondly, the record does not support appellant's claim that he was prejudiced by failure to cross-examine the ditch engineer as required

[1]See Cement Products Co. v. County of Martin, 142 Minn. 480, 482, 172 N. W. 702, 703, wherein the court said:
"'* * * [I]n public drainage proceedings the county acts as the agent of the law through which the project is carried into effect. The county does not act in a proprietary sense."
See, also, Alden v. County of Todd, 140 Minn. 175, 167 N. W. 548.

[2]In re Petition for Repair of County Ditch No. 1, 237 Minn. 358, 55 N. W. (2d) 308, and Johnson v. County of Steele, 240 Minn. 154, 60 N. W. (2d) 32, relied upon by appellants, do not compel a contrary result. The fact that the county may be originally liable for damages or costs on appeal does not prevent their reimbursement from the landowners or petitioners. See, M. S. A. 106.031 to 106.061 and 106.341 to 106.441.

by Rule 61.

The decision of the trial court must be and hereby is affirmed.

Affirmed.