## CAMPBELL v JACKSON (City)

Ohio Appeals, 4th Dist, Jackson Co

Decided December 18, 1929

Mr. E. E. Eubanks, Jackson, for Campbell.

Mr. Frank DeLay, Jackson, for City.

BLOSSER, J.

The question to be determined is whether the assessment exceeds thirty three and one third per cent of the value of the plaintiff's premises immediately after the completion of the improvement in question. The defendant resists the reduction of the assessment upon plaintiff's property, relying to some extent upon the attitude taken by this court in **Rogers vs. Johnson, 21 Ohio App. 292,** and **Baltimore and Ohio Railroad Co. vs. Village of Oak Hill, 25 Ohio App. 301.** In those cases we held that the value of the benefits conferred upon land subject to assessment was not, generally speaking, a judicial question and that it was only when the assessment amounted to a confiscation of property that a judicial question arose. That is not the case at bar. We are not asked nor do we undertake to determine the amount or value of the benefits conferred upon the plaintiff's property. We have to determine the altogether different question of the value of the plaintiff's land. That being determined the statute fixes the limit of an assessment that can be made on it to one third the value of that land regardless of the amount of benefits that may really accrue. In the Oak Hill case this was recognized, but this court found that there was no evidence to show what the value of the railroad property actually was. In the instant case there is testimony tending to show what the value of the plaintiff's property is. Under the statute limiting assessments to one third of the value of the property as improved there arises a judicial question as to the value of the plaintiff's property.

The evidence is conflicting. The discrepancies are due to the opinions held by the various witnesses as to the reasonable use that could be made of the premises. Speculations and remote possibilities should not be considered. The test of value here is the reasonable and likely adaptability of the land. Questions asked of witnesses regarding the basis of their opinions are not for the purpose of permitting this court to independently arrive at a valuation of the land but are solely for the purpose of determining the weight to be attached to the testimony of each witness.

The members of this court have viewed the improvement and premises in question so as to better understand and apply the testimony of the witnesses. Upon a consideration of that testimony we are inclined to the view that the value placed by the plaintiff's witnesses more truly represents the value of the premises in question, and we agree with the lower court that the value of said premises immediately after the improvement was completed did not exceed the sum of seven hundred and fifty dollars and that the assessment of five hundred and twenty five dollars is in excess of one third of such value.

A decree will be entered in accordance with the prayer of the petition enjoining the collection of an assessment in excess of two hundred and fifty dollars against the premises of plaintiff.

Middleton, PJ., and Mauck, J., concur.