JAMES A. BRADLEY, PROSECUTOR-APPELLANT, v. ASBURY PARK, DEFENDANT-RESPONDENT.

FREDERICK F. COLEMAN ET AL., PROSECUTORS-APPELLANTS, v. ASBURY PARK, DEFENDANT-RESPONDENT.

Argued November 24, 1914—Decided March 1, 1915.

1. The acts of the legislature (*Pamph. L.* 1897, *p.* 46; 1 *Comp. Stat., p.* 1297, and *Pamph. L.* 1908, *p.* 562; 1 *Comp. Stat., p.* 1323), being the acts under which the city of Asbury Park is governed, require all the lands peculiarly benefited by an improvement to be assessed in proportion to the benefits conferred.

2. A quarter of the cost of such improvement arbitrarily imposed upon the city and three-quarters imposed upon the property owners is illegal.

3. An assessment arbitrarily imposed by the square foot measure upon the frontage is illegal.

4. The commissioners should fix and define the boundaries of the lots assessed.

On appeal from the Supreme Court.

For the prosecutors-appellants, *Collins & Corbin.*

For the defendant-respondent, *Durand, Ivins & Carton* and *Edmund Wilson.*

The opinion of the court was delivered by

BLACK, J.   This is an appeal from a judgment of the Supreme Court, upon a writ of *certiorari,* which brought under review an ordinance of the city of Asbury Park, adopted September 23d, 1912, known as ordinance No. 238 and subsequent proceedings.   As to the ordinance the writ was dismissed; as to the proceedings, for the construction of conduits and drains, they were set aside, and as to the assessments of benefits for paving and grading against the property of the prosecutors on Kingsley street, they were affirmed.   This disposition of the case by the Supreme Court is challenged by this appeal.   The essential facts in brief, as shown by the record, are these: The common council of Asbury Park, on September 23d, 1912, adopted an ordinance providing that Kingsley street, from Oak Bluff avenue to Lake avenue, be graded and paved from curb to curb with vitrified brick block, wood block or other suitable forms of pavement, in accordance with plans and specifications for grading and paving, approved by the common council of Asbury Park on the sixteenth day of September, 1912, and in accordance with the grade of Kingsley street, established by the official grade map of Asbury Park.   It also provided that the costs and expenses of said improvement should be assessed in the following manner: "three-fourths thereof upon the owner or owners of the property adjoining said Kingsley street benefited thereby, and the remaining one-fourth of the costs and expenses of said improvement shall be borne by the city at large."   This ordinance was not published until May 19th, 1913.   The prosecutors are landowners and tax-payers of the city of Asbury Park.

The report of the commissioners of assessment shows that the costs and expenses of the improvement were $121,823.54. Of this sum, $48,028.17 was for drains and conduits; that the city's proportion of the improvement under the provisions of the ordinance is $66,477; that the lands have not been benefited to the full extent of the costs of the improvement, but have been benefited to the extent of the sum of $55,346.54; that a just and equitable assessment was

made upon the "land especially benefited by such improvement in proportion to the special and peculiar benefit which the owners of the property received." A map was made showing the location and frontage of each lot assessed, but did not fix or define the boundaries of the lots in many cases. It was determined "that the assessment of the benefits by square foot measure abutting each property is the most equitable adjustment and assessment of the costs and expenses between the various property-owners."

The costs for drains and conduits, amounting to $48,028.17, was not assessed against the prosecutors but against the city at large. The city of Asbury Park has brought a cross appeal and appealed from so much of the judgment of the Supreme Court as sets aside the proceedings for the construction of drains and conduits.

The subject of drains and conduits is not referred to in the opinion of the Supreme Court. It seems to be conceded, however, that the proceedings in reference thereto, as appears by the record, are irregular and to us they seem illegal.

The city contends and urges even though the proceedings are irregular, there is ample statutory power for doing the work complained of; that the statutes are sufficient to confer that "color of authority" which, together with acquiescence and knowledge upon the part of the prosecutors, leave them without the remedy sought, and that they are estopped. We cannot agree with this view, and are satisfied with the determination of the Supreme Court on this branch of the case, viz., that the judgment of the Supreme Court setting aside the proceedings for the construction of conduits and drains be affirmed in both cases.

As to the assessment for the grading and paving of Kingsley street, the judgment of the Supreme Court must be reversed. *Pamph. L.* 1897, *p.* 46, § 48; 1 *Comp. Stat., p.* 1312, § 2489, the act under which the city of Asbury Park is governed, and the supplement thereto, *Pamph. L.* 1908, *p.* 562, § 5; *Comp. Stat., p.* 1324, § 2526, provide that all property benefited shall be assessed to the extent of the benefits, and section 5 of the later act provides, "and if

in the judgment of said commissioners the damages be in the aggregate in excess of the benefits, the amount of such excess shall be assessed upon the city at large and raised by a tax." It is therefore quite apparent that the common council had not the power to limit the range of the assessment to the "owners of property adjoining Kingsley street" as provided in the ordinance above referred to, known as No. 238, or to arbitrarily apportion the cost and expenses of the improvement between such property and the city at large All property benefited must be brought within the range of the assessment. What Mr. Justice Swayze said, speaking for the Supreme Court, in the case of *Simmons* v. *City of Millville,* 75 *N. J. L.* 177; *affirmed,* 76 *Id.* 821, is pertinent to the subject under consideration. "The act requires a just and equitable assessment of the cost upon all the owners, of lands fronting on the improvement which are peculiarly benefited thereby in proportion, as nearly as may be, to the advantage each shall be deemed to acquire." As the cost was assessed upon certain designated properties, and a quarter arbitrarily imposed upon the city, to the exclusion of others, the result is injurious to the prosecutors and cannot be sustained. The commissioners were bound to assess all the property benefited, in proportion to, and not in excess of, the benefits conferred. While it may be that the prosecutors would not be injured if the assessment upon their property did not exceed the benefits, they would be injured if it was out of proportion to the benefits. They would also be injured as taxpayers if any of the property was omitted that should have been assessed, since, thereby the burden cast upon them as taxpayers would be increased unjustly. The commissioners in their report also say that they "therefore made a just and equitable assessment of the benefits conferred against the various property holders on Kingsley street;" that they assessed "three-fourths thereof upon the owner or owners of the property adjoining said street benefited thereby, and the remaining one-quarter of the costs and expenses of said improvement shall be borne by the city at large and provided for by taxation."

The commissioners also determined, that the assessment of the benefits should be levied by the square foot measure, abutting each property, as the most equitable adjustment. This is fatal to the legality of the assessment; to make a distribution of the cost on a mathematical basis of square yardage in front of each lot, without regard to its size, shape, depth, location, peculiar conditions, and other circumstances, is illegal.

In the case of *Kohler* v. *Guttenberg*, 38 *N. J. L.* 419, 422, Mr. Justice Dixon, with his usual clearness, formulated the rule thus, "The mere fact that in making the assessment, the commissioners have paid considerable regard to frontage, will not invalidate the assessment if they have been guided by the principle of apportioning the expenses according to benefits. It is their duty to consider, specifically, the advantages accruing to each plot, but on such consideration, they may judge that because of the uniform condition of the land, every foot of frontage is equally increased in value. Upon such a conclusion, the frontage would, of course, fix the proportion of the burden." *New York, &c., Railway Co.* v. *Township of Kearny*, 55 *Id.* 463. The commissioners should have fixed and defined the boundaries of the lots assessed. The city engineer attempted to supply this defect in the map, but failed to do so in some cases. This also is fatal. *Aldridge* v. *Essex Road Board*, 51 *Id.* 166, 170; *Coward* v. *North Plainfield*, 63 *Id.* 61, 63. This is necessary, if the statutory mode of collecting the assessments by a sale of the land be pursued.

For these reasons, let the judgments of the Supreme Court affirming the assessments of Kingsley street, in both cases, be reversed, and let the assessments be remitted to that Court, in order that such proceedings may be had in conformity with this opinion, as the statutes provide.

*For affirmance of judgment setting aside proceedings for construction of conduits, &c., in both cases*—THE CHANCELLOR. CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, KALISCH, BLACK, BOGERT, VREDENBURGH, WHITE, TERHUNE, WILLIAMS, JJ. 12.

*For reversal*—None.

*For affirmance of judgment sustaining the assessment for grading and paving of Kingsley street*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, KALISCH, BLACK, BOGERT, VREDENBURGH, WHITE, TERHUNE, WILLIAMS, JJ.   12.