HAUGHTON v SOUTHARD, Treasurer et

Ohio Appeals, 6th Dist, Lucas Co

No 2601. Decided March 28, 1932

Edward H. Ray, Toledo, for plaintiff.

Carl J. Christensen, Prosecuting Attorney, Toledo, and Orion W. Nelson, Toledo, for defendants.

RICHARDS, J.

The important sections of the General Code involved are contained in Page's Compact Edition of the General Code issued in 1920 and are §1214, GC, also in 107 O. L., 129, and §1198, GC, in 106 O. L., 630. The pertinent portion of §1214 GC reads as follows:

"Ten percent of the cost and expense of the improvement, excepting therefrom the cost and expense of bridges and culverts, shall be a charge upon the property abutting on the improvement, provided the total amount assessed against any owner of abutting property shall not exceed thirty-three percent of the valuation of such abutting property for the purposes of taxation. Provided, however, that the county commissioners, by a resolution adopted by a unanimous vote may increase the percent of the cost and expense of the improvement to be specially assessed and may order that all or any part of the cost and expense of the improvement contributed by the county and the interested township or townships be assessed against the property abutting on the improvement."

Sec 1214 GC, supra, was of course subject to the limitation that the assessment made upon abutting property to pay for an improvement must not exceed the benefits resulting therefrom to the property, and the section itself contains the limitation that the assessment shall not exceed 33% of the valuation of the abutting property for taxation. The provision that 10% of the cost and expense of the improvement, except bridges and culverts, shall be a charge upon the abutting property may indeed, by a unanimous vote of the county commissioners, be increased and the county commissioners may, by unanimous vote, order that the entire cost and expense of the improvement contributed by the county and township be assessed against the abutting owner but such increased assessment must be still subject to the limitation that it shall not exceed the benefits nor the 33% limitation fixed by statute. The commissioners did in fact increase the assessment to be placed upon the abutting property above the 10% named in the statute, but they had no authority to go beyond the other limitations mentioned without the consent of the abutting owner. It is conceivable that a case could arise in which the value of all abutting property was such that it could bear the entire cost of the improvement and the assessment still be within the 33% limitation, and that the property would be benefitted in an amount equal to or greater than the assessment, but that is not this case.

It is a general principle that statutes imposing taxes and public burdens must be strictly construed in favor of the property owner and if there is ambiguity which raises a doubt as to the intent of the statute, that doubt must be resolved in favor of the property owner on whom the burden is sought to be imposed. Such was the holding of the Supreme Court in Cincinnati v Connor, 55 Oh St, 82, 91.

Sec 1198, GC, supra, relates to improving an intercounty highway to a greater width than 20 feet when there is filed a petition signed by the owners of 25% or more of the lineal feet abutting on the highway requesting that the added cost be assessed against the owners and that the cost not assumed by the commissioners be assessed against the abutting owners. This section can not militate against the claim made by the plaintiff, for the very good and sufficient reason that he signed no petition relating to the property involved in this litigation. The petition which he did in fact sign related to his other piece of property and was almost identical in form with the one in Birdseye v Village of Clyde et, 61 Oh St, 27, 33, in which case it was held that the owner signing such a petition was not estopped to contest an assessment, as his property was bound thereby only for the payment of its proper share of a legal assessment but no further.

Sec 1214 GC, supra, provides that a property owner who is assessed for an improvement may file with the county commissioners objections to the assessment and they have power to correct the assessment. It

is conceded by counsel that the assessment in this case was made after the improvement was completed and the plaintiff duly filed objections to the assessment made against his property, which objections were overruled by the county commissioners.

A large amount of testimony was taken on the trial consisting of many hundreds of pages relating to the value of plaintiff's farm and its adaptability to other purposes. This evidence further shows that his farm is also assessed for the Sylvania Avenue Extension Stone Road and a large amount for water line improvements and for a district main sewer.

From the view we take of the case, the rights of the parties must be determined by a construction of the statutes above cited and as we construe those statutes the limit of the assessment which may be lawfully made against plaintiff's farm is 33% of its value as fixed for taxation. From the evidence it is apparent that the assessment for this improvement in excess of 33% of the taxable value of the property would greatly exceed the benefits to the land resulting from the improvement and would amount to a confiscation of the property. The assessment therefore should be limited to 33% of the value of the property as listed for taxation.

Judgment and decree for plaintiff.

LLOYD, J, concurs.
WILLIAMS, J, not participating.