**STRUBLE, et, Plaintiffs-Appellants, v CINCINNATI, (City) et, Defendants-Appellees.**

Ohio Appeals, First District, Hamilton County.

Nos. 6911, 6912, 6913, 6914, 6915, 6916. Decided March 1, 1948.

David L. Shannon, Roy L. Struble, Cincinnati, for plaintiffs-appellants.

Henry M. Bruestle, Miss Isabel Guy, Cincinnati, for defendants-appellees.

## OPINION

By THE COURT:

In these actions the plaintiffs sought an injunction, restraining the collection of an assessment to pay the cost of a street assessment.

The trial court denied the injunction and made a separate finding of facts and conclusions of law.

The actions are before this court on appeal on questions of law. There is no bill of exceptions, and the only question is whether the finding of facts are sufficient to support the judgment.

It is stated in the syllabus to **Jack v Hudnall, 25 Oh St, 255:**

"Where the finding of facts by the court fairly admits of a construction which will support the judgment, that construction will be adopted rather than a different one which would render the judgment erroneous."

However, we do not find it necessary to have recourse to that rule of construction to support the judgment in this case.

A reading of the finding of facts discloses that the court found that all the procedural requirements of the law for the levying of the assessment were met, that there was no abuse of discretion, and that there was no suggestion of fraud, and further that there were benefits conferred upon the plaintiffs' property by the improvement.

The court also found that "the assessment was in excess of the benefits conferred." It is urged that this finding requires the granting of an injunction restraining the collection of the excess.

Appellants' counsel relies on statements contained in the opinions in **Damar Realty Co. v Cleveland, 143 Oh St, 469, Domito v Maumee, 140 Oh St, 229,** and **Walsh v Barron, 61 Oh St, 15,** that special assessments have no legal justification except in special benefits and that an assessment beyond special benefits has no legal justification. That rule may be conceded. However, that is not the question presented by this record.

The question here presented is as to the power of the court to set aside the finding of the City Council that the plaintiffs' property was benefited to the amount of the assessment. Does a mere finding by the court that the assessment exceeded the special benefits justify the court in granting an injunction against the collection of the assessment in whole or in part? We think not.

In 28 O. Jur, 795, the Ohio cases are summarized as follows:

"The statute provides that when an assessment as reported by an equalizing board to the council is confirmed by the council, 'it shall be complete and final.' It is also well established, independently of statutory provision, that where the council of a municipality determines that the amount of an assessment does not exceed the value of the special benefits conferred, its judgment in the premises, in the absence of fraud or an abuse of discretion, is final and conclusive. And where an assessing board has made a finding as to the amount of benefits and has made an assessment on the basis thereof, there is a prima facie presumption in favor of the correctness of such finding, and it will not lightly be disturbed or inquired into, in the absence of allegations of some of the grounds usually invoking equitable intervention."

That a judicial conclusion that the amount found by the assessing authority was in excess of the special benefits, does not invalidate the assessment, is generally held. In Louisville & Nashville Rd. Co. v Barber Asphalt Paving Co., 197 U. S. 430, the Court said at 433:

"There is a look of logic when it is said that special assessments are founded on special benefits and that a law which makes it possible to assess beyond the amount of the special benefit attempts to rise above its source. But that mode of argument assumes an exactness in the premises which does

not exist. The foundation of this familiar form of taxation is a question of theory. The amount of benefit which an improvement will confer upon particular land, indeed whether it is a benefit at all, is a matter of forecast and estimate. In its general aspects at least it is peculiarly a thing to be decided by those who make the law."

See, Minneapolis, St. Paul & Sault Ste. Marie Railway Co. v City of Minot, 37 A. L. R. (Minn.) 211, and annotation at 226, et seq.; and **Cincinnati v Board of Education, 63 Oh Ap, 549.**

For these reasons, the judgment is affirmed.

MATTHEWS, PJ, and HILDEBRANT, J, concur.
ROSS, J, dissents in separate memorandum.

ROSS, J, dissenting:
I dissent from the opinion and judgment because when the trial court found the assessments exceeded the benefits, the assessment could not be sustained under the rules laid down in **Damar Realty Co. v City of Cleveland, et al., 143 Oh St, 469.** It must be presumed there was evidence to sustain the Court's finding in the absence of a bill of exceptions showing the contrary. The judgment should be reversed and judgment here entered for the plaintiffs.