LASKEY, APPELLANT, *v.* HILTY ET AL., APPELLEES.

138

(No. 4546—Decided May 14, 1951.)

*Messrs. Chittenden & Rosenberger,* for appellant.
*Mr. Joel S. Rhinefort,* prosecuting attorney, for appellees.

FESS, J. This cause is here on appeal on questions of law and fact from a judgment entered upon a finding in favor of defendants by the court at the conclusion of plaintiff's evidence.

In her petition, plaintiff alleges that on February 3, 1950, the defendant county commissioners adopted a resolution of necessity for the construction and maintenance of a water line along Alexis road and Davida drive in Washington township of Lucas county; that the commissioners caused the county sanitary engineer to prepare the plans showing the location, route, and termini of the improvement, together with a tentative assessment of the costs thereof; that on March 15, 1950, the board determined to proceed with the construction of the improvement, and approved the plans, character and termini thereof, the boundaries of the assessment district and the tentative assessment as prepared by the sanitary engineer; that plaintiff owns certain lands abutting on the improvement and has been assessed upon a front-footage basis of 708 feet the sum of $2,413.92 for the construction, and the sum of $42.92 for maintenance; and that her

said lands consist only of acreage and are used solely for farming. These allegations are admitted by the answer.

Plaintiff alleges further that the water line is of no benefit to the lands so assessed or to the use thereof; that the assessment is entirely in excess of any benefit to the lands and to plaintiff; that the assessments are void and the enforcement thereof constitutes an unlawful taking of property for public use in violation of Section 19, Article I of the Constitution of Ohio and the 14th Amendment to the Constitution of the United States.

Plaintiff prays for an order finding the assessment unlawful and void, for an order enjoining the collection of the same, and for all further relief.

For answer, defendants allege that all proceedings required by law were taken; that plaintiff was present at the preliminary hearing on March 8, 1950; that she had knowledge of the amount of the assessment and consented to an amendment providing for the payment in five-year instalments instead of three years as originally contemplated; "that she would make no objection to the amount of said assessments against said property or to the construction of said water line"; and that the board spread the assessments by proper resolution over a period of five years. Defendants deny each and every allegation contained in the petition.

In her reply, plaintiff admits she was present at the hearing on March 8, 1950, but specifically denies that she consented to pay the assessment at any time or under any condition or on any extended time of payment. She denies further that she agreed to make no objection to the amount of the assessment or to the construction of the water line.

This cause comes on for hearing upon the pleadings

140

and the transcript of the evidence received on behalf of the plaintiff in the Common Pleas Court. Since judgment was entered below on motion of the defendants, no evidence introduced on their behalf is before us. On the state of this record, the question for determination herein is the motion of the defendants for a directed verdict. The motion is reported in the transcript as follows:

"Mr. Rhinefort: Well, now, I move for a directed verdict. All the evidence discloses here that she had knowledge of all the proceedings had, and made no objection thereto. She has also testified as to the value of the property, and that she never raised a protest until about two or three months, and that was in this litigation."

Plaintiff testified that if a water line were laid in front of her 43-acre farm "it would be of no value to it whatsoever," that her property is simply farm land and that there are no buildings on her land. This testimony was corroborated by one of her neighbors. On cross-examination, plaintiff admitted she was satisfied by the extension of the time for payment from three to five years until after she attended the hearing. She said:

"When I went home and got thinking about the amount of tax that was going to be placed on me and the others, I thought, 'why should I have to carry that when it is going to be of no value to my farm land?' And that is when I got busy and I had my attorney."

The evidence before us is quite scant and there appears to be a misconception of the issues raised by the pleadings on both sides of the controversy. Apparently plaintiff proceeds upon the theory that the improvement is of no value whatsoever to her property as presently used and that the assessment is wholly void.

Defendant proceeds on the theory that plaintiff by her conduct is estopped to attack the assessment. As we view the case, the principal, if not the only, issue presented is whether the assessment substantially exceeds the benefits conferred upon plaintiff's property by the improvement. This ordinarily, if not necessarily, would require evidence of the present value of the property assessed, and what its value would be with the improvement. As we construe the resolution, the assessment is levied only upon that portion of plaintiff's property lying 200 feet north of the center line of Alexis road, rather than upon the whole of her 43-acre farm.

It does appear, however, that the proposed assessment area comprises a strip of land 480 feet south and 200 feet north of the center line of Alexis road for a distance of approximately 1,040 feet, and then to the north, surrounding a platted subdivision known as Davida Park consisting of a double tier of lots in a rectangular tract 1,580 feet long and 354 feet wide. It also appears that the assessment was made on a front-footage basis at $3.04949 per foot for local assessment, and $.0606 for maintenance. Other than the recitation in the resolution that the entire cost shall be specially assessed against the benefited property therein described, there is no evidence that the assessment was made upon the basis of ascertaining the several amounts of benefits except upon a front-footage basis without regard to the value or use of such parcels. In the pleadings it is admitted that the tentative assessment was prepared by the sanitary engineer.

The evidence discloses that immediately west of plaintiff's property is the allotment known as Davida Park, but to the east is farm land. South of her land, three or four buildings have recently been built, but

the rest of the property to the south is farm land. The engineer testified that the property north of Alexis road (including plaintiff's property) was taxed only to a depth of 150 feet, which would comprise 2½ acres of plaintiff's property instead of the 43 acres of her entire farm, and that the 150-foot strip would be the only portion of the land estimated to be benefited by the improvement. Again it is apparent that the assessment was made upon a front-footage basis.

The evidence fails to show that the plaintiff, in consideration of the extension of the period from three to five years, agreed not to protest the assessment.

Sections 6602-17 to 6602-33c, General Code, relate to county water supply systems and empower the boards of county commissioners by resolution to acquire, construct, maintain, and operate any public water supply or waterworks system for any established sewer district.

Section 6602-24, General Code, provides that the cost of the construction of a main or branch line may be assessed against the immediately abutting property for local service, and the balance may be assessed as a district assessment, upon all the property, including the abutting property, within the assessment district found to be benefited in accordance with the special benefits conferred, less such costs as shall be paid by the county at large.

This section also provides:

"In the construction of a local pipe line the entire cost and expense of construction and maintenance may be assessed, upon the benefited property abutting thereon, *according to special benefits conferred* * * *."

Under Section 12075, General Code, Common Pleas Courts may enjoin the illegal levy or collection of taxes and assessments. Section 6602-3b, General Code, provides that any owner of property to be assessed or

taxed for a water-line improvement may appeal to the Probate Court from the action of the board in determining to proceed with the improvement in regard to (1) the necessity of the improvement, including the question whether the cost will exceed the benefits resulting therefrom, (2) boundaries of the assessment district, and (3) the tentative apportionment of the assessment.

Section 6602-3q, General Code, implements Sections 12075 and 6602-3b and in some respects defines the procedure. It provides, in part, that any court in which action is brought (a) to enjoin, reverse, or declare void the proceedings by which any improvement has been made or ordered to be made under Section 6602-1 to 6602-14 (sewer systems) or Sections 6602-17 to 6602-33 (water supply systems), or (b) to enjoin a collection of a tax or assessment levied for such purpose, or (c) to which an appeal is taken under Section 6602-3b, if there is manifest error in such proceedings affecting the right of the plaintiff in such action, may set such proceedings aside as to him, without affecting the rights or liabilities of the other parties in interest.

Section 6602-3q, General Code, further provides:

"The court shall allow parol testimony, that said improvement will be conducive to the public health, convenience and welfare and that any steps required by law for an improvement have been substantially complied with, notwithstanding any errors or defects in any record required to be kept by any board or officer, and without finding error, the court may correct any gross injustice in the assessment made by the commissioners. The court, on the final hearing, shall make such order in the premises as it may deem just and equitable, and order any tax or assessment levied against the plaintiff to remain on the duplicate for collection, or order it to be levied in whole or in part,

or perpetually enjoin it or any part thereof, or if it has been paid under protest, order the whole or such part thereof as it may deem proper to be refunded. The cost of such action shall be apportioned among the parties, or paid out of the county treasury as the court may direct.''

It will be noted that this section recognizes that in addition to an appeal to the Probate Court a taxpayer may bring an independent action (inferentially under Section 12075, General Code) to enjoin, reverse, or declare void the proceeding by which any improvement has been ordered to be made. If there is manifest error in the proceeding affecting the right of the plaintiff, the court may set such proceeding aside as to him without affecting other parties in interest.

The plaintiff herein had due notice of the proceedings and knowledge of the amount of her assessment and that of the others, attended the preliminary hearing, made no protest, and failed to appeal to the Probate Court under Sections 6602-3b and 6602-3c. Defendants assert that plaintiff is thereby estopped to bring her independent action. Since the evidence fails to show that the plaintiff agreed to the assessment in consideration of the extension of the time of payment and that the defendants were prejudiced by her silence, this contention must be overruled. In any event, she is not estopped to contest an assessment in excess of the benefits conferred. *Birdseye* v. *Village of Clyde,* 61 Ohio St., 27; *Haughton* v. *Southard, Treas.,* 43 Ohio App., 25, 182 N. E., 652.

In her petition, plaintiff alleges that the assessment is in excess of any benefit to her lands, and that the enforcement thereof is in violation of her constitutional rights. She is, therefore, not precluded from bringing her action by reason of her failure to protest or appeal to the Probate Court. *Conn et al., Trustees,* v.

*Jones, Treas.*, 115 Ohio St., 186, 152 N. E., 897; *Baxter* v. *Van Houter, Aud.*, 115 Ohio St., 288, 153 N. E., 266; *Welsh* v. *City of Cincinnati*, 64 Ohio App., 200, 28 N. E. (2d), 643; and *Domito* v. *Village of Maumee*, 140 Ohio St., 229, 42 N. E. (2d), 984.

Special assessments differ from general taxes since they are not taxes in a strictly constitutional sense. Assessments, as distinguished from other kinds of taxation, are special and local impositions upon property in the immediate vicinity of governmental improvement, which are necessary to pay for the improvement, and are laid with reference to the special benefit which the property is supposed to derive therefrom.

The foundation of the power to lay a special assessment for an improvement is the benefit which the object of the assessment confers on the owner of the abutting property, or the owners in the district, which is different from the general benefit which the owners enjoy in common with the others within the county. The benefits conferred are at least full compensation for the expense imposed upon the owner, and he suffers no pecuniary loss. The doctrine is based on enhancement of value—that the improvements for which the assessments are levied afford a remuneration in the way of benefits. A special assessment, therefore, is lawful or constitutional only when founded upon special benefits accruing from the improvement for which the assessment is laid. The test is that the assessment may not exceed the special benefit to the property. Cf. 14 McQuillen's Law of Municipal Corporations, Sections 38.01 and 38.02.

In *Norwood* v. *Baker* (1898), 172 U. S., 269, 278, 43 L. Ed., 443, 19 S. Ct., 187, the Supreme Court said:

"* * * the principle underlying special assessments to meet the cost of public improvements is that the

property upon which they are imposed is peculiarly benefited, and therefore the owners do not, in fact, pay anything in excess of what they receive by reason of such improvement.

"* * * the exaction from the owner of private property of the cost of a public improvement in substantial excess of the special benefits accruing to him is, *to the the extent of such excess,* a taking, under the guise of taxation, of private property for public use without compensation. We say 'substantial excess,' because exact equality of taxation is not always attainable, and for that reason the excess of cost over special benefits, unless it be of a material character, ought not to be regarded by a court of equity when its aid is invoked to restrain the enforcement of a special assessment.''

Apparently *Norwood* v. *Baker* opened up a Pandora's box. It was soon followed by a number of decisions limiting its application to its special facts. *French* v. *Barber Asphalt Paving Co.* (1901), 181 U. S., 324, 334-370, 45 L. Ed., 879, 21 S. Ct., 625; *Wight* v. *Davidson* (1901), 181 U. S., 371, 383-388, 45 L. Ed., 900, 21 S. Ct., 616; *Tonawanda* v. *Lyon* (1901), 181 U. S., 389, 45 L. Ed., 908, 21 S. Ct., 609; *Webster* v. *Fargo* (1901), 181 U. S., 394, 45 L. Ed., 912, 21 S. Ct., 623; *Cass Farm Co.* v. *Detroit* (1901), 181 U. S., 396, 45 L. Ed., 914, 21 S. Ct., 644; *Detroit* v. *Parker* (1901), 181 U. S., 399, 45 L. Ed., 917, 21 S. Ct., 624; *Shumate* v. *Heman* (1901), 181 U. S., 402, 45 L. Ed., 922, 21 S. Ct., 645. See, also, *Schroeder* v. *Overman, Clerk* (1899), 61 Ohio St., 1, 55 N. E., 158, 47 L. R. A., 156.

Those decisions sustain the principle that under the 14th Amendment the question of determining the property or area benefited is one for the legislative department.

The principles decided in 1901 were:

1. The apportionment of the entire cost of a street improvement upon the abutting lots according to their frontage, without any judicial inquiry as to their value or the benefits they receive, may be authorized by the Legislature and will not constitute a taking of property without due process of law. *Tonawanda* v. *Lyon, supra; Cass Farm Co.* v. *Detroit, supra.*

2. The legislative act need not provide for a hearing, allowing the property owner to show that his property was not benefited to the amount of the assessment. *French* v. *Barber Asphalt Paving Co., supra; Detroit* v. *Parker, supra; Shumate* v. *Heman, supra.*

3. It is within the power of the Legislature to create special taxing districts and to charge the cost of a local improvement, in whole or in part, upon the property in such district, according to either valuation or superficial area or frontage. *Webster* v. *Fargo, supra.*

Since the act pursuant to which the assessments herein attacked provides for assessment according to benefits, no violation of the 14th Amendment is presented.

Under the decisions of the Supreme Court of the United States, the Legislature of Ohio could provide that the cost of a local improvement might be charged upon property according to either value or superficial area or frontage without violating the 14th Amendment.

With respect to municipal assessments, the Legislature has provided that an assessment may be made (a) upon a percentage of the tax value, (b) in proportion to benefits which may result from the improvement, or (c) by the front foot of the abutting property. Section 3812, General Code. Where the assessment does not clearly exceed the benefits, the validity of assessments apportioned according to frontage has been upheld. *Schroder* v. *Overman, Clerk, supra;*

*Walsh* v. *Barron, Treas.,* 61 Ohio St., 15, 55 N. E., 164, 76 Am. St. Rep., 354; *Walsh* v. *Sims, Treas.,* 65 Ohio St., 211, 62 N. E., 120; *Shoemaker* v. *City of Cincinnati,* 68 Ohio St., 603, 68 N. E., 1.

But with respect to county water lines, the Legislature has provided that the cost may be assessed upon the benefited property abutting thereon according to the special benefits conferred.

Under laws requiring assessments to be made according to special benefits, assessments arbitrarily made on the frontage by the square foot measure have been held invalid. *Bradley* v. *Ashbury Park* (N. J.), 93 A., 712; *Jones* v. *City of Dotham,* 230 Ala., 103, 159 So., 689; *Thacker* v. *Paving Improvement Dist.,* 182 Ark., 368, 31 S. W. (2d), 758; *In re Appeals of Johnson,* 148 Wash., 140, 268 P., 164; *Keith* v. *City of Philadelphia,* 126 Pa., 575, 17 A., 883; *Seely* v. *City of Pittsburgh,* 82 P., 360, 22 Am. Rep., 760.

On the other hand, the general rule is that the front-footage method may be made the basis of apportionment without constituting a taking of property without due process of law. According to the weight of authority, where the Legislature does not prescribe any rule for estimating the cost of making an improvement or apportioning it but leaves both to the discretion of the local authorities, an assessment by the front foot may be valid. 48 American Jurisprudence, 623, 624, Section 67. If the principle of benefit is disregarded or ignored, the assessment is invalid; and if there is a marked disproportion between the burden imposed and any possible benefit, so that it is manifest that the principle of equality has been ignored and gross injustice done, the owner should be granted relief. And while full effect must be given in ordinary cases to the determination that an assessment by front foot, where the conditions are similar, is as near--

ly proportional and equal as is reasonably practicable, nonetheless, if it appears that the assessment so made will impose upon the property a liability substantially in excess of the special benefits conferred, such assessment should be set aside. Assessments made upon property according to frontage, without considering the actual benefits accruing to each parcel, are invalid where the law requires the lots to be assessed "in proportion to the benefits secured thereto." 48 American Jurisprudence, 625, citing *Hayes* v. *Douglas County,* 92 Wis., 429, 65 N. W., 482, 31 L. R. A., 213; *City of Barre* v. *Barre & Chelsea Rd. Co.,* 97 Vt., 398, 123 A., 427, 37 A. L. R., 207; *Violett* v. *City Council of Alexandria,* 92 Va., 561, 23 S. E., 909, 31 L. R. A., 382.

It has been held that if the land in front of which water pipes are laid is farm land, it can not be assessed according to the front-foot rule. See annotation in 3 L. R. A. (N. S.), 819. Compare *Seely* v. *City of Pittsburgh, supra,* which makes a distinction between applying the front-foot rule upon compact city lots, where the properties do not materially differ in value, and applying the rule to rural or suburban districts.

So much for general principles and authorities from other states. In Ohio, the matter of special assessments has been the subject of a number of varying and conflicting decisions. The conflict has related primarily as to whether Section 19 of Article I limits Section 6 of Article XIII, of the Constitution. However, the decisions uniformly hold that the basis for special assessments is the recovery of the cost of special benefits. The opinion in *Rogers* v. *Johnson, Treas.,* 21 Ohio App., 292, 153 N. E., 167, decided in 1926, contains an admirable review of the decisions of the Supreme Court, but unfortunately there was reached an erroneous conclusion that if the evidence discloses that the property is somewhat benefited by the im-

provement, the court will not substitute its judgment as to the amount of the benefits for that of the commissioners acting pursuant to a statute providing a fair and reasonable method of assessments. The eighth paragraph of the syllabus recites:

"If assessing powers are governed by fair and reasonable rule of apportionment of assessments for benefit to property and rule is fairly followed, assessment against particular property will not be disturbed by court even though it appear that benefit did not equal assessment."

That case was followed by *Falor* v. *Mong, Aud.* (1934), 47 Ohio App., 442, 191 N. E., 445, holding that, if the property was not benefited at all, the assessment could be enjoined, and *Gaylord* v. *Village of Hudson* (1938), 61 Ohio App., 180, 22 N. E. (2d), 552, holding that if the assessment did not equal or exceed the value of the property after the improvement was made, and if the property was benefited to some extent, the injunction should be denied.

Those decisions misconstrued the decisions of the Supreme Court in *State, ex rel. Shafer,* v. *Otter, County Surveyor* (1922), 106 Ohio St., 415, 140 N. E., 399, and in *Baxter* v. *Van Houter, Aud.* (1926), *supra.* The syllabus in the *Baxter case* holds that a taxpayer whose property is assessed in excess of its value as improved may have an injunction without first exhausting his statutory remedies. The appellate decisions overlook in the *Baxter case* that as to two lots, where the finding showed the assessment to be less than the fair market value of the lots after the improvement, the cause was remanded to the Court of Appeals for further proceeding. The remand could only have been for the purpose of determining whether the assessments exceeded the benefits.

In *In re Appeal in Joint County Ditch No. 1* (1930),

122 Ohio St., 226, 171 N. E., 103, it appears that the trial court held upon authority of a decision of the Court of Appeals for Athens county, presumably *Rogers* v. *Johnson, Treas., supra,* that if any benefit is conferred upon the land owner by the improvement, the court should not disturb the finding of the commissioners.

In reversing the judgments of the Court of Appeals and Common Pleas Court, the Supreme Court held:

"Where an assessment levied by the board of county commissioners as provided by Section 6455, General Code, is appealed to the Court of Common Pleas as provided by Section 6467, General Code, one of the issues which may be tried on such appeal is whether such assessment is levied according to benefits. The court is required to determine whether the whole amount of the assessments to pay for the improvement is apportioned among the several lots and parcels of land specially benefited in the proportion that the special benefit to each lot or parcel bears to the whole special benefits conferred by the improvement."

In its opinion, the court said:

"Section 19, Article I, of the Ohio Constitution, guarantees full compensation in money for any property taken for public use. In *Chamberlain* v. *City of Cleveland*, 34 Ohio St., 551, it was stated in the syllabus:

" '2. The whole amount of the assessment must be apportioned amongst the several lots and parcels of land specially benefited, in the proportion that the special benefit to each lot or parcel bears to the whole special benefits conferred by the improvement.

" '3. Where the proceedings in an appropriation assessment, on the principle of special benefits, merely show upon their face, that the aggregate amount of the assessment is placed on "benefited property," it

will not be conclusively presumed that the assessment is limited to the special benefits conferred, or that it has been properly apportioned amongst the several lots or lands assessed.'

"In *Walsh* v. *Barron, Treas.*, 61 Ohio St., 15, 55 N. E., 164, 76 Am. St. Rep., 354, in the first syllabus, we find: 'But it can in no case exceed the benefits without impairing the inviolability of private property.' In *Cincinnati, L. & N. Ry. Co.* v. *City of Cincinnati*, 62 Ohio St., 465, on page 474 of the opinion, 57 N. E., 229, 49 L. R. A., 566, there is further discussion of the same tenor, reaching the same conclusion. In *Alma Coal Co.* v. *Cozad, Treas.*, 79 Ohio St., 348, 87 N. E., 172, 20 L. R. A. (N. S.), 1092, it is stated in the first syllabus: 'The provisions of the Constitution forbid, not only the taking of the private property of one, but as well the laying of an imposition upon it, for the sole benefit of another.'

"These decisions are only declaratory of the plain provisions of Sections 6455 and 6463.

"We are of the opinion that the Court of Common Pleas, after hearing all the evidence, determined that each property was somewhat benefited by the improvement, and, acting upon the pronouncements of certain Courts of Appeals, did not inquire into the extent of such benefits. Neither did it determine that each particular appellant was benefited to the amount of the assessment levied."

It is interesting to note that in the *Chamberlain* case, *supra*, *Hammett* v. *Philadelphia*, 65 Pa., 146, is cited. That case was the forerunner of *Seely* v. *Pittsburgh*, 82 Pa., 360, 22 Am. Rep., 760, in which the court vigorously castigates the effort of urbanites to require rural property to bear expense of improvements regardless of benefits.

The syllabus of *Domito* v. *Village of Maumee* (1942),

140 Ohio St., 229, 42 N. E. (2d), 984, holds that an assessment substantially equal or greater than the value of the property after the improvement is made constitutes a taking without compensation. As in the *Baxter case, supra,* the assessment was in excess of the value of the property, which supports the syllabus, but in its opinion the court said:

"The fundamental principle underlying the imposition of special assessments on property for a public improvement is that the property is specially benefited and should bear its proportionate cost thereof corresponding to such benefit. *Walsh* v. *Barron, Treas.,* 61 Ohio St., 15, 55 N. E., 164, 76 Am. St. Rep., 354.

"Consequently, when a special assessment is materially in excess of the benefits conferred or is substantially equal to or greater than the value of the property, no advantage accrues to the owner and the special assessment loses its justification. It thereupon invades the inviolability of private property and contravenes the provisions of Section 19, Article I of the Constitution. *State, ex rel. Shafer,* v. *Otter, County Surveyor,* 106 Ohio St., 415, 140 N. E., 399; *Baxter* v. *Van Houter, Aud.,* 115 Ohio St., 288, 153 N. E., 266."

The first paragraph of the syllabus of *Pickering Hardware Co.* v. *City of Cincinnati* (1948), 149 Ohio St., 275, 78 N. E. (2d), 563, reads as follows:

"Section 19, Article I of the Constitution of Ohio does not limit or curtail the operation of Section 6, Article XIII of the Constitution, and municipalities are authorized to assess property benefited by the widening of a street for the value of the special benefits accruing to such property from such widening, even though included in such assessment is the cost of other property taken from the owner of property assessed for the purpose of the widening of the street. (*City of Cleveland* v. *Wick,* 18 Ohio St., 303, and para-

graph five of the syllabus in *State, ex rel. Shafer, v. Otter, County Surveyor,* 106 Ohio St., 415, approved and followed.)"

It will be noted that the syllabus refers to assessment of property benefited for the value of the special benefits accruing to such property. In the opinion, the court said:

"Thus, under the law of Ohio, according to this court's last declaration and, as we view it, the sounder reasoning, where an owner has been paid the full value of property taken from him by condemnation and his remaining land is specially benefited in the same way as adjoining lands by the improvement made, the municipality has the power to make an assessment for such special benefits even though such assessment covers a part of the cost of the land taken, *provided the assessment is not greater than the value of the special benefit.*" (Italics supplied.)

In *Struble* v. *City of Cincinnati* (1948), 83 Ohio App., 304, 82 N. E. (2d), 127, the Court of Appeals for Hamilton county conceded upon authority of *Damar Realty Co.* v. *City of Cleveland,* 143 Ohio St., 469, 55 N. E. (2d), 805; *Domito* v. *Village of Maumee, supra,* and *Walsh* v. *Barron, Treas., supra,* that special assessments have no legal justification except in special benefits, and that an assessment beyond special benefits has no legal justification. But a majority of the court held, Judge Ross dissenting, that a mere finding by the trial court that the assessment exceeded the special benefits did not justify a reversal of the trial court's refusal to enjoin the collection of the assessment, in whole or part, in the absence of a bill of exceptions. The majority apparently treated the finding of the trial court as a conclusion of law which, in the face of the prima facie presumption that the council had determined that the assessment did not exceed

the benefits conferred, would justify the denial of the injunction.

Notwithstanding the decisions of the Courts of Appeals to the contrary, it would appear that under the foregoing decisions of the Supreme Court, when a special assessment is materially in excess of the benefits conferred by an improvement, no advantage accrues to the owner and the assessment loses its justification and contravenes Section 19, Article I of the Constitution. In such case, the owner has the same right to seek relief in equity as he has in case of no benefit or where the assessment exceeds the value of his property.

It is, therefore, concluded that the application of the front-foot rule to lots abutting on a proposed rural or suburban water line is not, *ipso facto*, lawful or unlawful, and if it appears from the evidence that the application of the rule results in substantial or at least a rough approximation of apportionment according to special benefit, or constitutes as close an approximation thereto as could be attained by any other method of apportionment, it should be sustained. But if the application of the rule results in an assessment materially in excess of the benefits conferred, it is invalid.

Plaintiff having rested, the motion of the defendants for a directed verdict will be regarded as a motion for judgment in their favor. The motion raises the question as to whether the defendants are entitled to judgment as a matter of law. In passing upon such motion, the plaintiff is entitled to have the evidence construed most strongly in his favor, and if upon every essential issue the evidence is such that reasonable minds may reach different conclusions, the motion should be overruled. *Hamden Lodge* v. *Ohio Fuel Gas Co.*, 127 Ohio St., 469, 189 N. E., 246.

Upon the evidence of the plaintiff, which at this

156

stage of the proceeding is uncontradicted, we find:

1. That the tentative assessment was made according to the front-foot rule without consideration or determination of the actual benefit conferred upon plaintiff's property by the proposed improvement.

2. That the proposed improvement will be of no substantial benefit to plaintiff's property.

. The motion of defendants is therefore overruled and the cause continued for the purpose of taking testimony on behalf of the defendants under Rule XIII, if desired.

*Motion overruled.*

CARPENTER and CONN, JJ., concur.